LAMSON v. FALLS.

May Term, 1855.

LAMSON
v.
FALLS.

| 6 | 309 |
|---|---|
| 145 | 237 |

Suit for foreclosure. The mortgage was given to secure the payment of a note. To a paragraph of the answer setting up that neither the note and mortgage, nor copies thereof, had been filed with the complaint, the plaintiff replied that the note and mortgage were left in the clerk's office when the complaint was filed. *Held*, on demurrer, that the reply was insufficient.

A reply is only necessary when new matter is set up in the answer.

A demurrer to a reply was erroneously overruled, but the issue tendered by the reply was complete without it. *Held*, that the error was unimportant.

The copy of a written instrument upon which a pleading is founded is "filed with the pleading," within the meaning of the R. S. 1852, if it is set out *in hæc verba* in the pleading.

Suit by the assignee of a note and of a mortgage given to secure it, for foreclosure. Answer, that the plaintiff was not the real party in interest. *Held*, that the answer was insufficient.

Interrogatories were filed to elicit evidence in support of a paragraph of an answer which was itself insufficient. *Held*, that an exception to the interrogatories was correctly sustained.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—The complaint states that *Lamson* executed a note, and a mortgage to secure its payment, to one *Estep*, who assigned each of them to *Falls;* also that the original note and mortgage were filed with the complaint; in which they are set forth *in hæc verba.* The prayer is that the mortgage be foreclosed, &c.

*Tuesday, June 5.*

The defendant, in his answer, set up, 1. That *Estep*, and not *Falls*, is the real party in interest in this suit. 2. That he has fully paid said note. 3. That the original note and mortgage, or copies thereof, were not filed with the complaint.

The defendant also filed three interrogatories, to each of which he required the plaintiff's answer on oath, viz., 1. State whether *Estep* is not the real party in interest in this suit? 2. Did you pay *Estep* any consideration for the assignment of said note? 3. Have you any interest in this suit, and, if so, what amount, and when did it accrue?

To the first paragraph of the answer the plaintiff demurred, and for cause alleged generally that it contained no

defence, &c. There was a reply in denial of the second; and to the third he replied that the note and mortgage were left in the clerk's office when the complaint was filed, and when the defendant called for them he was informed by the clerk that they were there and he could have them, &c. To this reply there was a demurrer, on the alleged ground that it neither admits nor denies the allegation in said third paragraph, nor does it set up any new and sufficient matter in avoidance. Subsequently the plaintiff amended his third reply by the addition of these words: "And the said note and mortgage were on the 22d of *August*, 1853, marked filed by the clerk." Thereupon the Court over-ruled the demurrer.

The plaintiff also excepted to the interrogatories, on the ground that the defendant was not entitled to the relief sought, which exception was sustained. The demurrer was then sustained to the first paragraph of the answer. The cause was submitted to the Court for trial, which resulted in a decree for the plaintiff.

Was the demurrer to the plaintiff's reply properly over-ruled?

The code provides that "when any pleading is founded on a written instrument or account, the original or a copy thereof must be filed with the pleading." 2 R. S. 1852, p. 44. To file a paper "is considered an exhibition of it to the Court, and the clerk's office in which it is filed represents the Court for that purpose. It is effected by delivering the paper, indorsed with the title of the cause and the attorney's name, to the clerk of the Court in which the action is pending, who marks it 'filed,' adding the date, and deposits it under the proper head among the papers or files in his office." 2 Burrill's Law Dic., p. 489. It is said that the averment in the reply, viz., "that the note and mortgage were left in the clerk's office when the complaint was filed," should be considered evidence of the filing. We think differently. The provision above quoted seems to be imperative. It requires the instrument, or a copy of it, to be filed with the pleading. The mere leaving the instrument with the complaint would not be within the

intent of the statute. It should be left for a purpose, viz., as part of the case. The purpose of leaving the note and mortgage should have been stated in the reply as a fact, and not left to inference.

But was the reply at all necessary to complete the issue relative to the question of filing the instruments? If not, then it was redundant, and, of course, obnoxious to that objection. It is evident that the reply did not set up new matter in avoidance, because the complaint expressly avers that the note and mortgage were filed with the pleadings, which averment is directly denied by the answer. Here, then, was an issue complete in itself without any reply. The answer contains no new matter in relation to the filing of the instruments, and a reply is only admissible when new matter is set up in the answer. 2 R. S., p. 42.

The demurrer was well taken; but the error committed by overruling it can not be allowed to reverse the judgment, as a fair trial on the merits of the cause could not have been, in any degree, impeded by the ruling of the Court. 2 R. S., pp. 50, 163. The complaint contains literal copies of the note and mortgage. These were evidently filed with the complaint when the suit was commenced; and this, it seems to us, was a sufficient filing of a copy of the instrument, within the meaning of the statute. No doubt the object of the provision was to give the defendant an opportunity, at the earliest stage of the proceeding, to inspect the subject-matter on which the plaintiff grounded his action. This purpose is well attained by setting out in the complaint a true copy of the instrument, and filing both at the same time. The record shows that in the present case this has been done. No injury could, therefore, result to the defendant from the action of the Court in overruling the demurrer.

The next inquiry is, was the demurrer to the first clause in the answer correctly sustained?

"Every action must be prosecuted in the name of the real party in interest." 2 R. S., p. 27. The appellee contends that the assignment of the note and mortgage being admitted, his right to sue can not be controverted; that

the statute enables the true owner to sue, but it does not forbid a suit by one who appears to be the legal owner.

This position is not strictly correct. The law is imperative that the party in interest must be the plaintiff. But the real question to be considered is, does the first paragraph of the answer sufficiently show that *Falls* is not that party? It simply says that *Estep*, and not *Falls*, is the real party in interest; but this is said in the face of the assignment, the effect of which is to deprive *Estep* of all interest in the subject of the suit. By the statute the assignee of a note, &c., is specially authorized to sue in his own name, and such assignment is full proof of his title until specifically denied. 1 R. S., p. 378. The defect in the paragraph in question is, that, in effect, it admits the assignment of the note and mortgage, but does not contain such a statement of facts as would enable the Court, in view of the assignment, to say, as matter of law, that *Falls* is not the real party in interest. We are not prepared to say that a denial of the assignments is the only mode of averment that would render the pleading effective. What we decide is, that the first paragraph of the answer, as it now stands, is defective, and constitutes no defence to the action. *Arthur* v. *Brooks*, 14 Barb. 533.

From what has been said, it follows that the defendant had no right to the discovery sought by his interrogatories. The plaintiff's exceptions were correctly sustained.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. S. Newman* and *J. P. Siddall*, for the appellant.

*J. Perry*, for the appellee.