JAMES CURRY, Respondent, *against* CORNELIUS FARLEY, Appellant.

(Decided March 3d, 1879.

Under the provisions of L. 1857, c. 344, § 57, which provides that a constable shall be liable to a party in whose favor an execution is issued to him for the amount thereof "when he suffers the twenty days to elapse without making a true return thereof, and filing the same with the clerk of the court, and paying to him or to the party entitled thereto the money collected thereon," a constable does not incur the statutory penalty of being liable for the amount of the execution by a failure to make and file a return within the twenty days where he has not collected any money under the execution.

APPEAL from a judgment of the Marine Court of the city of New York, entered on an order of the general term of that court affirming a judgment entered on the verdict of a jury.

In November, 1870, the plaintiff obtained a judgment in the Seventh District Court against one Joseph Ogle for $121 58. On the 24th day of July, 1875, an execution on this judgment was issued to the defendant as a marshal, which execution was returned on Sept. 1st, 1875, "no property."

This action was thereupon commenced, either as upon a false return, or to recover the penalty prescribed by L. 1857, 344, § 57.

*Edward P. Wilder*, for appellant.

*Edward M. Shepard*, for respondent.

VAN BRUNT, J. [after stating the facts as above].—I have not considered the question of the plaintiff's cause of action for a false return in the above statement, because the case is entirely bare of evidence to support the verdict upon that ground. It is true that the learned justice before whom

this case was tried submitted this question to the jury, but there was no evidence whatever that Ogle was the owner of the stock in the store or that he had any interest in it. Upon the contrary, the whole of the evidence was to the effect that O'Halloran owned this stock, and Ogle's connection with it was simply that of clerk, and there was not a single act of Ogle's shown which was not entirely consistent with the fact of his being the employee of O'Halloran.

If, however, the defendant was liable under the act of 1857 referred to, then the judgment can be sustained.

This act, after providing for the issuance of an execution, and that it shall be returned within twenty days, proceeds as follows:—

" § 57. A constable is liable to a party in whose favor an execution is issued to him for the amount thereof in the following cases:—

" 1. When he suffers the twenty days to elapse without making a true return thereof, and filing the same with the clerk of the court, and paying to him or to the party entitled thereto the money collected thereon by him.

" 2. When he wilfully or carelessly omits to levy on property of the defendant, or if the defendant be liable to arrest, to arrest and imprison him within the twenty days, or having arrested the defendant fails to commit him to the county jail within the twenty days."

This statute is highly penal in its character, and must therefore be strictly construed.

It is claimed by the counsel for the plaintiff that under the first subdivision of § 57 above mentioned, that the marshal is necessarily liable for the full amount of the execution in case he does not return the same within twenty days. Although this construction might, at the first glance, seem to be the true one, yet upon a more careful reading, considering also the other provisions of the section, I think it will be seen that such was not the legislative intention. It is urged that the section provides that the penalty shall attach when the marshal suffers the twenty days to elapse without making a true return of the execution, and that this language

would meet the case of a non-return. This would be undoubtedly true if the paragraph ended there. It would also meet just as well the case of a false return, because the language is, if he suffers the twenty days to elapse without making a true return thereof. If he made a false return, he would be just as clearly liable as for a non-return.

The language is no more appropriate to the one case than the other. The paragraph, however, is continued as follows: " And filing the same with the clerk of the court, and paying to him or to the party entitled thereto the money collected thereon by him."

This seems to me to show that the intention of the Legislature was to make this penalty attach only to the case where the marshal had failed to return an execution within the twenty days upon which he had collected money, because he is to not only return the execution but to pay over the amount collected.

If nothing is collected, how can he pay anything over?

If this is not a true construction, but the marshal is liable under this subdivision of the section for a failure to return within twenty days, he is also equally liable for a false return, even if he has not made any collection upon the execution.

That it was not the intention of the Legislature to make the marshal liable for a false return under subdivision 1 of the section under consideration, unless he had collected money upon his execution, is made perfectly apparent when we read the next subdivision. It is, that the marshal shall be made liable for the penalty " when he wilfully or carelessly omits to levy on property of the defendant." For which case there would have been no occasion to provide if the construction claimed by the plaintiff of subdivision 1 is correct, as the case of a false return had already been provided for.

There is no evidence that the Legislature intended to impose so severe a penalty as making the marshal liable for the whole amount of the execution when he was not guilty of some dereliction of duty which worked a prejudice to the

plaintiff in the execution, and if the provisions of the section can be made to subserve an intelligent purpose without putting such a construction upon the section, I think the court is bound to conclude that such was the legislative intention.

The judgment should therefore be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Chief Justice.—I think the construction given to the statute by Judge VAN BRUNT is the correct one, and agree that the judgment should be reversed.

Judgment reversed and new trial ordered, costs to abide the event.