## BROWN v. SOUTHERN RY.

STATUTORY PENALTY—COMMON CARRIER—FREIGHT.—Filing a claim for failure to deliver, or for damages, to freight with another officer of the carrier and by him, in discharge of his official duties, forwarded to the agent at destination of freight, ninety days before action brought, is not such filing with the agent at point of destination as is requisite under 24 Stat., 81, to entitle consignee to $50 penalty for failure to adjust or pay the claim in ninety days after filing claim with agent at freight destination.

18—71.

Before WATTS, J., Fairfield, October, 1904.    Affirmed.

Action by Brooks Brown against Southern Railway, in magistrate court.    From Circuit order reversing magistrate, plaintiff appeals.

*Messrs. Ragsdale & Dixon,* for appellant, cite: 24 Stat., 81; 7 Rich., 199; Potter's Dwarri's on Stats., 245, 247; 16 S. C., 189; End. on Stats., 337, 339.

*Mr. R. H. Welch,* contra, cites: 53 S. C., 500.

March 31, 1905.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The plaintiff recovered judgment in magistrate's court for $7.02, the value of a barrel of flour lost in transit over defendant's railroad from Atlanta, Ga., to Blythewood, S. C., and for $50 penalty provided by the act of 1903 (24 Stat., 81) for failure to adjust and pay the claim within ninety days "after the filing of such claim with the agent of such carrier at the point of destination of such shipment."    The magistrate found the claim was not actually filed by the plaintiff with the agent at the point of destination, but had been sent to J. J. Hooper, the general claim agent of the defendant in Washington, D. C., who had, in the course of business, sent it to the agent at Blythewood for adjustment more than ninety days before the commencement of the action, and adjudged this to be a sufficient filing with such agent under the statute.    The Circuit Judge held the plaintiff had not complied with the condition imposed by the statute for the recovery of the penalty, and modified the judgment accordingly.

It is conceded that the claim must be filed by the claimant or on his behalf with the agent of the carrier at the point of destination as a condition of the penalty, and that filing with any other agent is not sufficient.    When the claim is filed with another officer or agent of the road, who, in the dis-

charge of official duty, transmits it on behalf of the railroad company to the agent at the point of destination, this manifestly cannot be regarded filing the claim on behalf of the claimant with the agent at the point of destination, as required by the statute.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.