HAWES v. SOUTHERN RAILWAY.

RAILROADS—CLAIM FOR DAMAGES TO FREIGHT—THE STATUTE (24 Stat., 81), prescribing penalty for failure of carrier to pay or refuse to pay damages to or loss of freight in specified time, does not provide any special form for making out claim, and any form which shows the nature of the claim, the amount, and in whose behalf presented, is sufficient without attestation or proof of its validity; nor in filing such claim is it encumbent on claimant to attach thereto the freight bill or receipt and bill of lading.

Before GAGE, J., Fairfield, June, 1905.    Affirmed.

Action by John L. Hawes against Southern Railway Co. in magistrate court. From judgment on circuit affirming judgment of magistrate, defendant appeals.

*Mr. J. E. McDonald,* for appellant, cites: *Construction of statute:* 71 S. C., 273. *As to surrender of bill of lading before payment of claim:* 4 Ency., 2 ed., 525; 4 Elliott on R. R., secs. 1426-29; 9 Am. R., 605; 59 Am. R., 537; 4 S. C., 387; 23 S. C., 341; 25 S. C., 216; 72 S. C., 251; 23 Am. Dec., 613; 100 Am. Dec., 363.

*Messrs. Ragsdale & Dixon,* contra, cite: *Courts cannot correct statutes:* Potters Dwarris on Stats., 144.

February 20, 1906.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This appeal is from the judgment of the Circuit Court, affirming the judgment of a magistrate's court in favor of plaintiff against defendant for the sum of $52.66, including $2.66, the value of the goods lost in shipment, and $50, the statutory penalty for failure to adjust and pay said claim within ninety days, as prescribed in the acts of 1903, 24 Stat., 81.

The exceptions before this Court raise two questions: 1. Whether as matter of law the statement of the claim as filed with the defendant sufficiently complied with the requirement of the statute so as to entitle claimant to the statutory penalty for failure to adjust and pay the same. 2. Whether as matter of law the defendant had the right to demand the surrender of the freight bill and bill of lading before paying the claim.

The claim was filed with defendant company in this form:

"Winnsboro, S. C., Nov. 1, '04.
"Southern Railway Co.    To J. L. Hawes, Dr.
Act. 7BX L. Shells 38                    $2.66."

When this claim was filed with defendant's agent at Winnsboro, S. C., he wrote to the claimant this note: "Attach freight bill and bill of lading and I will pay you." The plaintiff refused to comply with that request and the claim was not paid. The agent testified that the practice of the railway company was to demand the freight bill, invoice and original bill of lading before payment of the claim, to protect against bogus claims.

The judgment of the Circuit Court concludes any inquiry as to the justness and correctness of the claim. We merely consider whether the claim as presented complied with the requirement of the statute. It is contended that the claim (1) should have been signed or attested by the claimant; (2) should have stated whether it was for loss of property or damage to property; (3) should have been accompanied by affidavit or other proof of its validity. The statute does not prescribe the form in which the claim shall be presented, nor that it shall be duly attested, nor that it shall be accompanied with proof of its validity, and this Court will not venture to interpolate words into the statute. In the absence of specific regulation of the form in which such claims are to be presented, we must hold it a sufficient compliance with the statute to present a claim in the form adopted in this case, as it shows the nature and the amount of the claim and in whose behalf it is presented.

We are also of the opinion that it was not essential for a claimant presenting a claim under this statute to attach thereto the freight bill or receipt and the bill of lading, as demanded. The statute does not so require. It is undoubtedly true, that a carrier has the right to demand the production of the bill of lading before it can be required to deliver the goods covered thereby, but this principle is not involved in this case. All the goods covered by the bill of lading, except the seven packages of gun shells, had been delivered by the defendant to the plaintiff without a demand for the bill of lading, and on the freight receipt defendant's agent

had over his signature acknowledged that the shipment was seven packages short. A carrier has not (in the absence of a valid contract or statute to that effect) the right to demand a surrender of the bill of lading upon a partial delivery of the goods covered thereby. In this case there was neither tender of the goods lost nor of their value. A bill of lading is evidence of the consignee's right to a delivery of the goods covered thereby and the consignee has the right to retain possession thereof until the carrier has performed its obligation. It would be valuable evidence in behalf of the claimant, in the event of a suit to recover for loss of or damage to goods. So likewise the freight receipt, containing defendant's admission of the shortage in the shipment, was evidence valuable to the claimant in the event of a suit. Moreover, the carrier ordinarily has ready means of ascertaining whether it is justly liable to pay the claim as presented, without the presentation of the freight receipt and the bill of lading. These were probably some of the reasons why the Legislature did not see fit to require that such evidences of the claim should be presented therewith. At any rate, it is sufficient to know that the statute makes no such requirement.

The judgment of the Circuit Court is affirmed.