A. T. THOMPSON v. SOUTHERN EXPRESS COMPANY.

(Filed 15 April, 1908).

**Penalty Statutes—"Filing" Claim—Carriers—Paying Claims—Oral Demand.**

> A penal statute is to be strictly construed, and the provisions of Revisal, sec. 2634, imposing a penalty upon common carriers failing to adjust and pay a claim within a specified time, etc., after the *filing* of such claim with the agent, etc., is not complied with when oral demand is made, as such cannot be filed under the ordinary acceptance of the word and does not afford the carrier the protection that a written demand would give.

ACTION tried before *O. H. Allen, J.,* and a jury, at July Special Term, 1907, of ALAMANCE.

This is an action instituted before a justice of the peace of Alamance County for the recovery of $2 for the loss of a jug of whiskey alleged to have been shipped by Moyle Bros., Salisbury, N. C., to the plaintiff at Burlington, N. C., and for $85, the penalty provided by section 3632 of the Revisal for failure to ship and deliver within the time prescribed by law, and for $50, the penalty provided by section 2634 of the Revisal for failing to adjust and pay the claim within sixty days after the same had been filed.   The action was brought by appeal to the Superior Court of Alamance County.   The defendant introduced no evidence, and upon the refusal of the court to nonsuit the plaintiff the defendant appealed.

The court submitted these issues:

"1. Did the defendant receive from Moyle Bros. at Salisbury, N. C., for shipment, the package of goods mentioned in the complaint?"   Answer: "Yes."

"2. If so, was said package plainly addressed to A. T. Thompson, Burlington, N. C., as alleged in the complaint?" Answer: "Yes."

"3. Did the defendant transport, within the time prescribed by law, said package of goods from its office in Salisbury, N. C., to its office at Burlington, N. C.?" Answer: "No."

"4. What was the value of said goods at the time they were delivered to the defendant for shipment?" Answer: "Two dollars."

"5. Did the plaintiff, on or about 1 January, 1907, make a claim against the defendant for the loss of said goods, and if so, when?" Answer: "Yes."

"6. Has the claim ever been paid?" Answer: "No."

"7. How much, if any, is the plaintiff entitled to recover?" Answer: "Two dollars."

"8. How much, if anything, is the plaintiff entitled to recover as a penalty for failure to transport said goods from its office in Salisbury, N. C., to its office at Burlington, N. C.?" Answer: "Eighty-five dollars."

"9. How much, if anything, is the plaintiff entitled to recover for failure of defendant to audit and settle the account of plaintiff for loss of said goods?" Answer: "Fifty dollars."

From the judgment rendered defendant appealed.

*Brooks & Thompson* and *W. H. Carroll* for plaintiff.
*John A. Barringer* for defendant.

BROWN, J., after stating the facts: The testimony tends to prove that plaintiff ordered a jug of whiskey to be shipped to him by defendant from Salisbury, N. C.; that it was so shipped on 22 December, 1906, and that its value was $2, the price prepaid by plaintiff. At the commencement of this action, on 10 April, 1907, the whiskey had not been delivered. There is no evidence that it was burned, stolen or otherwise destroyed, and no evidence which tends to exonerate the defendant under the act of 1907, ch. 461. We find no error

in the record in respect to the rulings of the court upon any issue except the fifth and ninth, relating to the $50 penalty. His Honor should have given defendant's prayer for instructions, "That if the jury believed the evidence in this case the plaintiff is not entitled to recover the penalty of $50 for failure to pay the claim of $2, the value of the whiskey, under section 2632 of the Revisal of 1905, and they would answer the issue accordingly."

It is immaterial to consider whether the action was commenced before the sixty days allowed for adjustment by the statute had expired. The plaintiff's own testimony proves that the demand for the $2 was a verbal demand and that no claim in writing was filed with the agent of defendant. The statute giving the penalty is section 2634 of the Revisal of 1905, and provides that "Every claim for loss or damage to property while in possession of a common carrier shall be adjusted and paid within sixty days in case of shipments wholly within this State, and within ninety days in case of shipments from without the State, after the filing of such claim with the agent of such carrier at the point of destination of such shipment," etc.

The language of the statute plainly contemplates that the claim shall be put in writing by the person making it, or some one for him, and *filed* with the agent of the carrier, to the end that he may transmit the claim as filed to the proper authorities of the carrier for adjustment. The word "file" has a well-understood meaning as well as legal significance, and, inasmuch as it is impossible to file an oral demand, the words of the statute, its purpose and intent and the object to be accomplished by it cannot be met except by a written statement of the claim. The lexicographers derive the word "file" from the Latin *filum,* a thread, and its application seems to be drawn from the ancient practice of placing papers upon a thread or file for ready reference. Webster says to file means to lay away papers for presentation and reference. Bouvier

says a paper is said to be filed when it is delivered to the proper officer. To the same effect is *Bube v. Morrell,* 76 Mich., 114, and Black Law Dict., 492. What is meant by "filing a claim" is considered by the Supreme Court of Alabama in *Phillips v. Beene,* 38 Ala., 251, and is held to be placing a paper in the proper custody. The words "to file" have received judicial construction and have been defined as "receiving a paper into custody." *State v. Lamson,* 9 S. D., 420; 3 Words and Phrases, 2765; *Lamson v. Falls,* 6 Ind., 309, 310. A large number of cases are collected in Words and Phrases which support the proposition that in order to comply with our statute the claimant must present his demand in writing and leave it with the agent of the carrier at the point of destination. The object in requiring the claim to be in writing is because the claimant is permitted to file it with an agent who has no authority to pay it. It is the duty of such agent to transmit the claim as made out and filed to the proper corporate authorities. It is important to all parties to have the written evidence of the demand as well as of the time when filed, because the failure to adjust within a certain period subjects the carrier to a penalty.

It is suggested that the case of *Stonestreet v. Frost,* 123 N. C., 646, is an authority against our construction of the statute. We have examined the case and do not so regard it. In that case a Sheriff held in his hands an execution against the intestate at the time of his death. He presented the execution to the administrator within twelve months. The court held that such presentation was a substantial compliance with section 164 of The Code. The Sheriff did not make an oral demand on the administrator for the defendant, but presented to him the *written evidence* of it in the form of judicial process, which the law prohibited him from leaving with the administrator. The court did not hold or even intimate that a mere verbal demand upon the part of the Sheriff without presenting the written evidence of the debt would have been

a substantial compliance with the statute. And we think no authority can be found for any such position, for our statute declares in express terms that the creditor must "exhibit his claim or be forever barred," and upon a claim being presented the personal representative may require an affidavit to accompany it. The Code 1883, secs. 1424, 1425; Revisal 1905, secs. 39, 41. In view of these express statutory provisions it is plain that the court did not hold or intend to hold in the case cited that an oral demand was a substantial compliance with the law.

In the case at bar the plaintiff did not even present to the agent a written statement of his claim or anything that could be filed. The statute is a penal statute and must be strictly construed, and the plaintiff, having failed to comply with it by delivering or filing his claim in writing, is not entitled to recover the penalty.

Unless the judgment be modified by consent in the Superior Court, there will be a new trial upon the fifth and ninth issues.

New Trial.