SMITH v. GERATY, Marshal.

(Supreme Court, Appellate Term. April 10, 1908.)

1. EXECUTION—RETURN—FILING—SUFFICIENCY—MAILING.

Municipal Court Act, Laws 1902, pp. 1568, 1569, c. 580, §§ 271, 276, requiring the marshal to file his return of execution with the clerk of the court, is not satisfied by the marshal mailing a return to the clerk.

2. WORDS AND PHRASES—"FILED."

A paper is "filed" with a clerk when it is placed in his custody.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2764–2770.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Charles H. Smith against Frank W. Geraty, marshal. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Louis A. Brown, for appellant.
Philip Cohen, for respondent.

SEABURY, J. Sections 271 and 276 of the Municipal Court act (Laws 1902, pp. 1568, 1569, c. 580) require the marshal to file his re-

turn with the clerk of the court. The statute does not provide that mailing the return to the clerk of the court shall be presumptive evidence of filing. A sheriff, in certain cases, is by statute authorized to make a return by mail (Code Civ. Proc. § 102) ; but I know of no corresponding statute in reference to a marshal. I think that a return of execution, by a marshal to the clerk of the court, which is mailed by the marshal and properly addressed to the clerk of the court, is not a compliance with sections 271 and 276 of the Municipal Court act. A different question would be presented if there were evidence to show that the clerk received the return and filed it.

The statute required the filing of the return with the clerk. A paper is filed with the clerk when it is placed in his custody. Placing the paper in the mail, addressed to the clerk, is not placing it in the custody of the clerk. It is merely placing it in the custody of others to be delivered to the clerk. In Phillips v. Beene's Adm'r, 38 Ala. 248, 251, the court said:

"The origin of the term 'filing' indicates very clearly that the filing of a paper can only be effected by bringing it to the notice of the officer, who anciently put it upon the 'string' or 'wire.' Accordingly we find that the filing of a paper is now understood to consist in placing it in the proper official custody on the part of the party charged with the duty of filing the paper, and the making of the appropriate indorsement by the officer."

See 19 Cyc. 531, and Holman v. Chevaillier's Adm'r, 14 Tex. 337, 339.

The plaintiff having shown that the paper was not filed as required by law, in the absence of any evidence to the contrary, it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.