6952

GOLDSTEIN v. SOUTHERN RY.

CARRIER—FREIGHT—PENALTY—WAIVER.—To entitle a consignee of freight to the penalty provided by 24 Stat., 81, for failure to adjust damage, filing with the agent of carrier the bill of lading, invoice and a list of the shortage is a sufficient filing of the claim. Here the carrier waived his right to require strict compliance with the statute by accepting said papers and promising, in writing, to adjust the loss.

Before PURDY, J., Spartanburg, June, 1907. Affirmed.

Action by R. Goldstein against Southern Railway. From Circuit order reversing judgment of magistrate, R. B. Palsey, defendant, appeals.

*Messrs. J. B. Atkinson* and *Abney & Muller,* for appellant.

*Mr. S. G. Finley,* contra.

July 13, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This was an action begun in Magistrate R. B. Palsey's court for the recovery of the sum of $22.85 for goods lost in transit by the defendant, and for the statutory penalty of fifty dollars for failure to settle the claim within ninety days, and for twenty-five dollars dam-

ages for recklessness in shipping said freight. The magistrate gave judgment for the plaintiff in the sum of $22.85, but refused the penalty. The plaintiff then appealed to the Circuit Court, Judge R. O. Purdy, presiding, who reversed the judgment of the magistrate and gave the plaintiff the right to enter up judgment for the penalty ($50), as well as the amount found by the magistrate.

From this order of Judge Purdy, the defendant now appeals to this Court, upon three grounds, which we will consider in their order:

1. "Because his Honor erred in holding that the penalty provided by the statute attached without a filing of the claim, as required by the terms of the statute, by reason of the waiver by the defendant company of its right to have the claim filed and its promise to pay the same.

2. "That his Honor erred in holding that the requirements of the statute could be waived."

An investigation of the case shows that the plaintiff filed with the agent of the defendant the bill of lading, invoice of goods and a list of the shortage as a claim, and that this was done within ninety days; not only was the matter filed, but a promise to pay the same was made by the agent, and afterwards a letter was written by the defendant, through its freight claim agent, J. J. Hooper, referring to the above claim and promising that the same would be closed out promptly. It makes no difference that the claim was filed by the agent himself; it was done at the request and at the instance of the plaintiff, and in his presence; all this was done in carrying out the requirements of "An act to regulate the manner in which the common carriers doing business in this State shall adjust freight charges and claims for loss of or damage to freight." Volume 24, page 81, Statutes at Large.

The magistrate evidently adhered too closely to the wording of this statute; there is no form prescribed by the statute setting out how the claim should be written; the plaintiff showed to the agent exactly how his loss of $22.85 occurred,

and what particulars made up said claim.   *Hawes* v. *Southern Railway Co.,* 73 S. C., 274, 53 S. E., 285.

The Circuit Judge was, therefore, not in error, and these exceptions must be overruled.

3. "Because his Honor erred in reversing the judgment of the magistrate on other grounds than those raised by the appellant in his exceptions, the question of waiver not having been raised before the magistrate, nor any exception thereto made to the Circuit Court; and it was error to reverse the judgment solely on the ground that there was a waiver of the requirements of the statute, there being no exception made by appellant as to the question of waiver."

If we held, which we do not, that it was necessary to have some form setting forth the claim of plaintiff, even that has been complied with.   As the Circuit Judge said: "Under the facts as stated, and under the return, it conclusively appears, as a matter of law, that the railroad company not only waived the right to have the claim filed, but promised to pay it; it cannot be heard to say that the claim was not filed.   It follows, as a matter of law, that the plaintiff is entitled to have judgment entered for the penalty as well as for the amount found by the magistrate."   Section 368 of the Code seems to provide for the action adopted by the Circuit Judge.

This exception is overruled.

It is the judgment of this Court that the judgment of the Circuit Court is affirmed.