### SMITH v. GERATY.

(Supreme Court, Appellate Term. November 24, 1908.)

1. SHERIFFS AND CONSTABLES (§ 139*)—LIABILITIES—FAILING TO MAKE RETURN ON EXECUTION—DAMAGES.

An officer, failing to make return of execution, is prima facie liable for the amount of the judgment, and can only relieve himself by showing that the judgment creditor is not aggrieved.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. § 306; Dec. Dig. § 139.*]

2. EXECUTION (§ 330*)—RETURN—SUFFICIENCY.
    Where an officer receiving an execution resides in the place where the office of the clerk of the court is situated, the mailing of a return to the clerk is insufficient.
    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 999; Dec. Dig. § 330.*]

3. SHERIFFS AND CONSTABLES (§ 130*)—LIABILITY—FAILURE TO LEVY EXECUTION—DEFENSES.
    Where an officer, making no return of execution, did not, when sued by the judgment creditor, show that he made a levy or that the judgment debtor had no property subject to execution, a judgment in his favor was erroneous.
    [Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 130.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Charles H. Smith against Frank W. Geraty. From a judgment of the Municipal Court in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

See 58 Misc. Rep. 556, 109 N. Y. Supp. 739.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Louis A. Brown, for appellant.

Hastings & Gleason (Charles M. MacLaren, of counsel), for respondent.

MacLEAN, J. An execution issued out of the Municipal Court was delivered to the defendant, a city marshall, whereof according to the return of the clerk of the court no return was made or filed. Prima facie the defendant was liable for the amount of the judgment, and could only relieve himself by showing that the judgment creditor was not aggrieved. He admitted receiving the execution, but asserted, as he was led, that he had returned it by mail, which he, residing in the place where the clerk's office is situated, might not do. He did not show that he made a levy or that the judgment debtor had no property upon which a levy might be made, and so the judgment in his favor may not stand.

The doctrine hereof is not in accord with some remarks in a case cited upon the respondent's brief, and wherein an interpretation was put upon a section of a statute of 1857 which has been adopted into the Municipal Court act (Laws 1902, p. 1486, c. 580), nor is the law laid down in that case in accord with the common course of decisions in the courts of last resort. Ledyard v. Jones, 7 N. Y. 550. Moreover, in the case referred to the marshal had filed a return.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. (concurring). The facts of this case are stated in the opinion rendered upon a former appeal, 58 Misc. Rep. 556, 109 N. Y. Supp. 738. Upon the first trial, and again on the second

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial, it was shown that the marshal did not file his return of execution as required by law. Upon the last trial, which we are now called upon to review, it was proved that the defendant did not collect anything upon the execution. Upon this evidence the court below gave judgment for the defendant. There was no proper proof before the court to show that the defendant even attempted to collect the amount of the execution. In the absence of such proof, the plaintiff was prima facie entitled to recover the amount for which the execution was issued. If the defendant had proved an attempt to collect the amount of the execution and that it was uncollectable, a different situation would be presented in relation to which the rule stated in Curry v. Farley, 8 .Daly, 228, would seem to be applicable. But a marshal charged with the duty of attempting to collect an execution cannot, upon his failure to file a return as required by law, avoid liability merely by his statement that he collected nothing. For all that appears in the evidence, he collected nothing because he made no attempt to collect anything.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.