7649

### KING v. ATLANTIC COAST LINE R. R.

1. CARRIER—EVIDENCE.—Where a plaintiff testifies a certain party is the agent of carrier at a particular station and the party so testifies, there is not room to doubt he is the agent.

2. IBID.—FREIGHT—PENALTY—WAIVER.—Request by agent at destination of freight to send claim for shortage to general claim agent, letter from claim agent acknowledging the claim and promising adjustment, do not show waiver on part of carrier of statutory requirements on which penalty attaches. Such claim should be in writing or printing.

   *Goldstein* v. *Ry.*, 80 S. C., 523, *explained.*

Before SEASE, J., Darlington, June, 1909.    Modified.

Action by A. L. King against Atlantic Coast Line R. R. Co., before Magistrate P. T. Warr.    From circuit judgment affirming magistrate judgment, defendant appeals.

*Messrs. P. A. Willcox, Lucian W. McLemore* and *W. F. Dargan,* for appellant.    The former cite: 71 S. C. 273; 80 S. C. 522; 73 S. C. 274; 76 S. C. 308; 3 Words & Phrases 2764-5.

*Mr. Dargan* cites: 71 S. C., 274; 80 S. C., 522; 73 S. C., 274; 76 S. C., 308; 79 S. C., 483.

*Mr. S. C. King,* contra, cites: 80 S. C., 522; 76 S. C., 308; *Smith* v. *Ry..* 84 S. C., 24 Stat., 81.

August 4, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The Circuit Court affirmed the judgment of the magistrate in favor of the plaintiff against defendant for $7.75, the value of freight lost in transportation, and for $50.00, the statutory penalty for failure to adjust the claim within the time required.

The appeal relates to the judgment for the penalty, and the question involved is whether there was evidence of compliance with the requirement of the statute as to the filing of the claim with the agent at the point of destination, or of a waiver of such compliance so as to authorize the penalty.

The Circuit Court held that there was a waiver of strict compliance with the statute, and further held that the evidence shows that it might be doubtful whether the defendant had an agent at the point of destination.

The shipment was over defendant's line from Darlington, S. C., to Auburn, S. C. The plaintiff testified that P. R. McIntosh was the representative of defendant at Auburn, S. C., and P. R. McIntosh testified that he was defendant's agent at that point. There was no testimony to the contrary, hence there is no room to doubt that McIntosh was the agent at the point of destination.

It is also manifest that plaintiff did not file his claim with the agent at the point of destination.

The plaintiff testified: "I filed my claim with the general agent at Wilmington * * * I first made complaint to Mr. P. R. McIntosh, the A. C. L. representative at Auburn. I did not file any claim with Mr. McIntosh, only verbally. He advised me to send the claim to the general claim agent." McIntosh, the agent, testified that plaintiff and he talked about the shortage, but that no claim was filed with him.

A mere verbal complaint made to the agent at the point of destination is not compliance with the statute, which

requires that the claim for loss or damages shall be adjusted or paid, within a specified time, "after the *filing* of such claim with the agent of the carrier at the point of destination of such shipment." It is further provided, that no such claim shall "be *filed* until after the arrival of the shipment, etc." It is further provided, that the carrier shall be liable for interest "from the date of the *filing* of the claim."

The words "filed," "filing," which we have italicized, show the legislative intent was to require more than a verbal claim. The word file is derived from the Latin word "filum," a thread, and according to ancient practice papers were filed when placed upon a cord or wire by the proper custodian for safe keeping and convenient reference.

In modern practice a paper is filed "when it is delivered to the proper officer and by him received to be kept on file." *Townsend* v. *Sparks,* 50 S. C., 384, 27 S. E., 81.

Such terms as "filing a claim" necessarily imply the placing of some written or printed paper or papers showing the nature and amount of the claim, and the person to whom due, with the proper custodian. The statute positively designates the place of the filing to be the point of destination and the person to receive the paper to be the agent at that place. Such filing is a condition precedent to recovery of the penalty, unless there is a waiver of strict compliance with the statute. *Brown* v. *Southern Ry.,* 71 S. C., 274, 51 S. E., 151; *Hawes* v. *R. R.,* 73 S. C., 274, 53 S. E., 285; *Walker* v. *So. Ry. Co.,* 76 S. C., 308, 56 S. E., 952; *Goldstein* v. *So. Ry. Co.,* 80 S. C., 523, 61 S. E., 1007.

The final question is whether there was evidence tending to show such a waiver of statutory requirement as to warrant imposition of the penalty.

The evidence on this point was the testimony of plaintiff that the agent at the point of destination directed him to

send his claim to the general freight agent and a letter from the general freight agent as follows:

"Atlantic Coast Line Railroad Co., Freight Claim Department, Wilmington, N. C., February 9, 1907.

Dear Sir: We beg to acknowledge receipt of papers in your claim. If you do not hear further from us in a reasonable time will appreciate your stirring us up, and continuing to do at reasonable intervals until settlement is affected. In all cases refer to our number. Your number, Oats 7.78. Our number, K—175728. A. C. Kenley, Freight Claim Agent."

Waiver is the voluntary relinquishment of some existing right. The plaintiff at the time of the correspondence had no right to the penalty, nor was defendant then liable for the penalty, nor was any reference made to the penalty in the correspondence, hence there is nothing to show that the matter of the penalty was in the consideration of the parties. The communication related solely to the claim filed for the first time with the general agent at Wilmington. Furthermore, so far as it appears, the defendant had no right to compel plaintiff to file his claim with the agent at the point of destination and, therefore, the filing and consideration of the claim at the Wilmington office was no evidence of waiver of any statutory requirement as a basis for a penalty.

The penalty is the creature of the statute, and comes into existence when all statutory conditions exist, and not otherwise.

We do not regard the case of *Goldstein* v. *Southern Ry.,* *supra,* as holding that there may be a waiver of this requirement, as it expressly determined that there had been compliance with the statute by filing with the agent at the point of destination, the bill of lading, invoice of the goods and a list of the shortage as a claim, as these papers showed the nature and amount of the claim and the name of the claimant, within the rule stated in *Hawes* v. *Southern Ry., supra.*

33—86

The judgment of the Circuit Court is reversed as to the penalty.

MR. JUSTICE GARY *dissents in so far as the judgment of the Circuit Court as to the penalty is reversed.*