Note.—See under (1) 28 Cyc. pp. 236, 1202, 1229; (2) 28 Cyc. pp. 1198, 1202, 1224, 1229; (3) 28 Cyc. p. 1210 (1926 Anno): (4) 1 C. J. p. 990, 36 Cyc. p. 1176; (5) 12 C. J. p. 1287; (6) 15 C. J. p. 984; (7) 15 C. J. p. 984. 28 Cyc. p. 1229; (8) 28 Cyc. p. 1202; (9) 28 Cyc. pp. 1122, 1155; (10) 4 C. J. pp. 1093, 1101; (11) 28 Cyc. p. 1124 (1926 Anno); (12) 28 Cyc. pp. 1156, 1168.

---

### AARON, Adm'r, v. FARROW et al.

No. 13206—Opinion Filed May 12, 1925.

Rehearing Denied June 30, 1925.

(Syllabus.)

### Courts—Probate Appeals to District Court— Notice of Appeal—Sufficiency.

Under section 1414, Comp. St. 1921 providing for appeal from the county court to the district court in probate matters, a proper notice of appeal delivered to the court clerk within the time provided by law and by him filed in the cause in the county court, held, that the same is a sufficient compliance with said section to give the district court jurisdiction of said appeal.

Error from District Court, Bryan County. Geo. S. March, Judge.

In the matter of the estate of Nettie

Poteet, deceased; G. F. Aaron, administrator; Clara Farrow excepting to administrator's report. From order of county court settling final report, the administrator appealed to district court, where the appeal was dismissed, and he brings error. Reversed and remanded.

C. F. Green, for plaintiff in error.

McPherren & Hannah, for defendants in error.

CLARK, J. G. F. Aaron, administrator, plaintiff in error, prosecutes this appeal to reverse an order of the district court of Bryan county, Okla., dismissing the appeal of the plaintiff in error wherein he sought to have the district court review the judgment of the county court settling his final report as administrator of the estate of Nettie Poteet, deceased.

It appears from the record that G. F. Aaron was appointed administrator of the estate of Nettie Poteet on May 29, 1920; and that on July 13, 1921, said administrator filed his first amended annual report, to which Clara Farrow filed her exception; after hearing thereon the county court found that the estate was ready for disposition and final settlement, and found the amount of money and property the administrator had on hand and directed how the same should be distributed. This judgment was rendered on the 3rd day of August, 1921. The administrator, G. F. Aaron, excepted to the judgment of the county court and gave notice in open court of his intention to appeal to the district court.

On the 6th day of August, 1921, G. F. Aaron filed in the county court a notice of appeal in words and figures as follows:

"State of Oklahoma, County of Bryan, ss. In the County Court:

"In the Matter of the Estate of Nettie Poteet, deceased. G. F. Aaron, administrator. No. 2207. Notice of Appeal.

"To the Honorable County Judge Within and for Bryan County, Oklahoma:

"Notice is hereby given by G. F. Aaron, as the duly appointed, qualified and acting administrator of the estate of Nettie Poteet, deceased, intends to appeal and does appeal, to the district court of Bryan county, Oklahoma, from a certain order and judgment rendered by the county court of Bryan county, Oklahoma, on the 3rd day of August, 1921. And that said appeal is on a question of law and upon a question of fact, or, in other words, the appeal is taken from said order and judgment of both law and question of fact.

"Of this the honorable county judge of Bryan county, Oklahoma, will take due notice.

"G. F. Aaron, Administrator of the Estate of Nettie Poteet, Deceased.

"By—C. F. Green, His Attorney.

(Upon the back of which appears the following filing indorsement:)

"Filed in office of court clerk of Bryan county, Okla., Aug. 6, 1921. Lacy Grimes, Court Clerk."

Thereafter, on the 7th day of October, 1921, the appellee filed in the district court in said cause a motion to dismiss said appeal, which was as follows:

"Comes now appellee and moves court to dismiss appeal for the reason that same was not appealed as provided by law."

On the 7th day of October, 1921, hearing was had on appellee's motion to dismiss the said appeal, at which hearing, in addition to the introduction of the transcript and notice of appeal, testimony was taken in which W. H. Ritchie testified that on or about the 5th day of August, 1921, he received through the U. S. mail from C. F. Green, attorney for the administrator, Aaron, the original notice of appeal, now on file in this case, together with a copy thereof, and that within a day or two he served the copy of said notice upon John Finney, according to his best recollection.

John Finney, county judge, testified that the notice of appeal which appears to have been filed in the office of the court clerk of Bryan county, Okla., on August 6, 1921, was not delivered to him. He further testified:

"When a notice of appeal is served on me, unless request is made that I file the same, I deliver the same over to the court clerk for filing."

The testimony further shows that on September 1, 1921, John Finney, county judge, wrote C. F. Green, attorney for Aaron, a letter in which he called his attention to the fact that no notice of appeal had been served on him in this matter.

The court found and adjudged that the appeal in this cause be and is hereby dismissed for failure of the administrator to serve the county judge with proper notice of appeal. The administrator excepted to the judgment of the court and gave notice of appeal to this court, as provided by law. And thereafter, to wit, on the 7th day of October, 1921, a motion for a new trial was filed, and by the court overruled. The administrator excepted to said action of the

court and gave notice of appeal to the Supreme Court, and said cause is now properly before this court for determination.

The plaintiff in error contends that the court erred in dismissing said appeal, and that the court erred in holding that said notice of appeal was insufficient.

The sole question to be decided in this case is the sufficiency of notice of appeal filed with the court clerk of Bryan county, Okla., within the time provided by law for filing such notice.

Section 1414, Comp. St. 1921, same being section 6505, Revised Laws of 1910, provides:

"The appeal must be made: First. By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and if of law alone, the particular grounds upon which the party intends to reply on his appeal; and, Second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

This section of our statutes, providing for appeal from the county court to the district court in probate matters, is found in the Statutes of Oklahoma, 1890, section 1563, which is in part as follows:

"The appeal must be made, first, by filing a written notice thereof with the judge of the probate court."

The only difference between this section and our present law is that the present law provides that notice shall be filed with the judge of the county court. Also, the 1890 Statutes of Oklahoma, section 1655, provides that the judge of the probate court shall be the filing officer of said court, and that he shall safely keep all papers, books, and records of his office. In other words, he was the filing officer at the time this section of the statutes was first enacted providing for appeals.

The Session Laws of Oklahoma, 1907-1908, page 289, art. 4, provided that the county judge may appoint a clerk of the county court of each county in this state having a population of more than ten thousand inhabitants; and clerk shall have authority to issue all process and notices from the county court, to issue marriage licenses, and to perform such other duties, ministerial in character, as are performed by the clerk of the district court.

Session Laws of Oklahoma, 1913, chapter 161, page 330, provides that the office of the clerk of the district court and the clerk of the county court in all counties, and the clerk of the superior court in a county in which a superior court is located, are consolidated, and known as the "court clerk"; and further provides that said court clerk shall perform all duties now provided by law to be performed by the district clerk, clerk of the county court, and clerk of the superior court.

Said act, supra, construed together with the act creating the clerk of the county court, made the court clerk the filing officer, or custodian of the records in the county court, just as the court clerk is the filing officer and custodian of the records in the district or superior courts.

The trial court in dismissing this appeal found that the appeal should be dismissed for the reason the notice of appeal was not served upon the county judge. In this the trial court was in error, as the great weight of authorities hold that the words "filed with" do not mean "served upon."

Volume 2, page 531, of Words and Phrases (2nd Series) reads as follows:

"A paper or document is said to be 'filed' when it is delivered to the proper officer and lodged by him in his office. At common law a file meant a thread, string, or wire upon which writs and other exhibits of courts and officers were fastened or 'filed' for the more safe keeping, and right turning of the same. Barber Asphalt Paving Co. v. O'Brien, 107 S. W. 25, 29, 128 Mo. App. 267 (quoting and adopting the definition in Dawson v. Cross, 88 Mo. App. 292).

"The word 'file' is derived from the Latin word filum, a thread; and its application is drawn from the ancient practice of placing papers on a thread or wire for ready reference. The words 'to file' mean 'receiving a paper into custody.' Under a statute providing that claims against carriers shall be paid within 60 days after the filing of such claim with the agent of the carrier at the point of destination, and that failure to pay the claim within the period prescribed shall subject the carrier to a penalty, the claimant must present his demand in writing in order to recover the penalty, a verbal demand being insufficient. Thompson v. Southern Express Co., 61 S. E. 182, 183, 147 N. C. 343 (citing Beebe v. Morrell, 42 N. W. 1119, 76 Mich. 114, 15 Am. St. Rep.

288; State ex rel. Morgan v. Lamm, 69 N. W. 592, 9 S. D. 420; Lamson v. Falls, 6 Ind. 309; Black, Law Dict. 492; 3 Words and Phrases, p. 2765).

"A paper is 'filed' when it is delivered to the proper officer, and by him received to be kept on file. King v. Atlantic Coast Line R. Co., 68 S. E. 769, 770, 86 S. C. 510; Smith v. Geraty, 109 N. Y. Supp. 738, 739, 58 Misc. Rep. 556; Meek v. State ex rel. Linville, 88 N. E. 299, 301, 172 Ind. 654; Yaltz v. State, 103 Pac. 1104, 1105, 3 Okla. Cr. 20; Falley v. Falley, 50 South. 894, 895, 163 Ala. 626.

"A document is 'filed' with an officer when it is placed in his custody and deposited by him in the place where his official records and papers are usually kept. O'Brien v. Schneider, 129 N. W. 1002, 1004, 88 Neb. 479 (citing 3 Words and Phrases, p. 2765).

"In the sense of a statute requiring the filing of a paper, it is filed when delivered to and received by the proper officer to be kept on 'file.' The word carries with it the idea of permanent preservation of the thing so delivered and received that it may become a part of the public record. Spackman v. Gross, 126 N. W. 389, 393, 25 S. D. 244.

"The delivery of the information and complaint to the clerk is a 'filing' in law. Brogdon v. State, 140 S. W. 352, 63 Tex. Cr. Rep. 475."

The word "filed," as defined by 25 Corpus Juris 1124, is as follows:

"The word 'filed' has a well-defined meaning, signifying delivered to the proper officer and by him received to be kept on file; delivered into the actual custody of the officer designated by the statute, to be kept by him as a permanent record of his office. * * *"

The court clerk has been designated by the statutes as the proper custodian of the records in the county court. And as the plaintiff in error's notice was sufficient in form and substance, the depositing of the same with the court clerk of Bryan county, he being the custodian and keeper of the records of the county court, and notice being received by him and marked filed within due time, said notice is a strict compliance with the statutes of Oklahoma.

As testified to by the county judge in the court below, if the notice had been delivered to him he would have handed it to the court clerk to file; it is evident that the county judge recognized the court clerk as the filing officer and custodian of the records in his court.

It is contended by the defendant in error that the purpose of this statute was to give the county judge notice of the intention of the appellant to appeal in any probate matter. We agree that the purpose of this statute is to give the county judge notice; and the county judge certainly has notice of the records on file in his court, and all papers or proper records filed in the county court with the court clerk would be sufficient notice to the county judge of such matters.

There are no provisions of the statutes in force at this time that make the judge of the county court the filing officer of his court. The law will not require the plaintiff in error to do something that there is no lawful way the same could be accomplished. Under our statute and procedure today the court clerk is the filing officer of the county court; he has charge of all records and files of the county court; he is under bond for the safe-keeping of same and faithful performance of that duty.

When the plaintiff in error caused to be delivered to the court clerk of Bryan county a proper notice of appeal, within the time provided by law, and the same was accepted by him and filed in the case, all provisions of the statutes providing for notice of appeal had been complied with. And the district court erred in not so holding.

For the reasons herein stated, the judgment of the district court dismissing said appeal is reversed and remanded, with directions to reinstate this cause.

NICHOLSON, C. J., and BRANSON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur. MASON, J., dissents.

Note.—See under (1) 15 C. J. p. 1023.