15513

## VICTOR FERTILIZER COMPANY v. SOUTHERN RAILWAY COMPANY *ET AL.*

(24 S. E. (2d), 499)

May, 1940.

*Messrs. McDonald, McCauley & McDonald,* of Chester, and *Mr. Frank G. Thompkins,* of Columbia, Counsel for Appellant,

*Messrs. Hemphill & Hemphill,* of Chester, appeared as Counsel for Respondent.

March 2, 1943.

The unanimous opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE:

This action was brought by respondent to recover from the appellants the loss sustained in three shipments of limestone consigned to respondent at Chester, South Carolina, by Campbell Limestone Company, from Gaffney, in this State; and for the penalty (Code, Section 7165) for failure to adjust and pay the claims filed for such losses within the period fixed by the statute. The limestone was loaded in three separate open cars of the gondola type, and was re-

ceipted for by Southern Railway Company as initial carrier on December 29th and 30th, 1936, and January 2, 1937. This company issued for each car its standard uniform bill of lading at Gaffney.

Thereafter, two of the loaded cars were transferred and delivered by Southern Railway Company to its co-defendant, Carolina & Northwestern Railway Company, an intermediate carrier, at York, South Carolina. The third car was received by the Carolina & Northwestern Railway Company from Southern Railway Company at Gastonia, North Carolina, and hence was an interstate shipment. The three cars reached Chester about January 4th, and were there redelivered to Southern Railway Company, as terminal carrier, by the Carolina & Northwestern Railway Company. They were then delivered by Southern Railway Company to the respondent at its fertilizer plant located about a mile from the common depot of the two appellants.

This appeal does not involve the action for loss sustained in the shipment of limestone transported by way of Gastonia. Appellants admit a loss from this car of 3,060 pounds, for which the verdict of the jury fixed the monetary value, including freight charges. As this was an interstate shipment no statutory penalty was claimed or allowed.

The jury returned a verdict in favor of the respondent for the full amount claimed on each of the other two carloads of limestone, covering a loss of fifteen tons from each car, including the freight charges. The statutory penalty of $50.00 was likewise assessed as to each claim, for failure to pay the claims within the time fixed by the statute.

The appellants contend that only one claim was filed for the losses claimed to have been sustained as to all three cars, aggregating $94.50; and that only one action was brought. Hence, the respondent was entitled to recover only one penalty.

Section 7165, 1942 Code, commonly known as the penalty statute, provides that all claims against a common car-

rier for loss or damage to property while in the possession of such common carrier, shall be adjusted and paid within thirty days in case of intrastate shipments, and within forty days in case of interstate shipments; that failure to adjust and pay such claim within such periods shall subject the common carrier so failing, to a penalty of $50.00 for each and every such failure, to be recovered by any consignee or consignees aggrieved, in any Court of competent juris-diction: Provided that the consignee recover in such action the full amount claimed; and provided further that no com-mon carrier shall be liable under said section for property which never came into its possession if it traced the prop-erty as provided by Section 7164.

The respondent, as consignee, in due time, on February 13, 1937, filed with the joint agent of the two appellants at Chester a letter covering the loss of the three shipments, and including a demand for payment at the rate of $2.25 per ton. Each claim was not on a separate piece of paper, but all were included in the one letter. Each car was listed sep-arately, with its designated number and the loss of lime-stone claimed. Accompanying these separately stated claims were the original invoices, the bills of lading, and the paid freight bills; and the appellants were advised that the three cars of limestone were short in tonnage on account of loss through bolt holes and loose plates in the bottom of the cars.

The appellants' position is that under the foregoing state of facts, it can be said that only one claim was filed, and on this premise that only one penalty could properly be re-covered.

No particular form or notice of claim is necessary; neither formality nor technical exactness under the statute is required. A substantial compliance with the statutory provision is all that is needed. If the claim is filed within time and gives the carrier reasonable notice of the character of the demand, it is sufficient. *Goldstein v. Southern Ry. Co.,* 80 S. C., 522, 61 S. E., 1007; *Watts v.*

*Southern R. Co.,* 139 S. C., 516, 138 S. E., 290; *Hawes v. Southern Ry. Co.,* 73 S. C., 274, 53 S. E., 285; 13 C. J. S., Carriers, § 239, page 480.

In our opinion, it is incorrect to say that the three claims were not properly filed. The appellants were given full notice that the respondent claimed a loss of limestone from three separate cars, and it makes no difference that these separate claims were all stated in one letter. The appellants were evidently under no misapprehension. So far as the record shows, neither of them ever made any objection to the form of the claim or demanded a more particular statement on separate sheets of paper.

Nor is there any merit in the contention that only one penalty can be recovered because only one action was brought. It is true that only one action was brought, but in the complaint a cause of action is separately stated as to the loss on each car, and as to the penalty claimed. All of these causes of action, based upon loss, arose out of contract, are in the same right, involve the same parties, and are capable of the same character or relief: They are properly joined in the same complaint. In such case, it is permissible to join in the one action a claim for several penalties growing out of an alleged violation of the same provision of a statute, 23 Am. Jur., § 75, page 660.

A primary purpose for adopting the Code provision of pleading was to avoid as far as possible a multiplicity of suits, and to enable parties to determine their differences in one action. *Coastal Produce Ass'n v. Wilson,* 193 S. C., 339, 8 S. E. (2d), 505.

The appellant, Carolina & Northwestern Railway Company, suggests that it cannot be held liable for the penalty in any event, because the alleged loss did not occur while the property was in its possession. It will be borne in mind that this appellant transported the two intrastate carloads of limestone from York, South Caro-

lina to Chester, South Carolina. There is ample evidence from which the reasonable inference may be drawn that practically the entire loss had been sustained by the respondent while the cars were in transit and before they were delivered to the terminal carrier, Southern Railway Company, and weighed at Chester. After these cars were weighed at Chester by Southern Railway Company, it was shown that there was a loss therefrom of 1,000 pounds on the one mile trip from Chester to the respondent's fertilizer plant.

In the case of *Marion Cotton Oil Company v. Atlantic Coast Line Railroad Company*, 109 S. C., 150, 85 S. E. 336, which was an action for the statutory penalty for unreasonable delay, the evidence showed that there was no delay of the shipment in question while in the possession of the defendant, but that the delay occurred on the line of a connecting carrier. In the case at bar the facts are different. It may reasonably be inferred, as already stated, that at least some of the loss sustained by the respondent occurred while the two intrastate cars were in the possession of the Carolina & Northwestern Railway Company.

It appears in evidence that the two intrastate cars of limestone were thoroughly soaked by rain while in transit, so that when they were weighed at Chester, in spite of the great loss of limestone through the bolt holes and the loose plates, the added weight of water caused them to weigh as much as when they left Gaffney, the loading point. The total depth of each of these open gondola cars from top to bottom is thirty inches, and it was discovered when the cars reached Chester that the top of the limestone in each car was on an average of twelve inches below the top of the car. Therefore, if each of the cars had been loaded in accordance with the usual custom, so that the limestone was even with the top of the car, there was an apparent loss of 40%. However, the respondent, as consignee and owner of the shipments, was required to pay freight in accordance with the added weight of the water; and also to pay the consignor,

Campbell Limestone Company, its invoices which were based upon the weights at Chester.

Under this state of facts, the appellants contend that the lower Court erred in refusing to charge the jury that the respondent could not recover in this action for any alleged loss arising out of the fact that the weight of the limestone had been increased on account of the added rainwater. There was no error.

The appellants misconceive the nature of the respondent's action. No claim is made by the respondent for any damage to the limestone by reason of its having gotten wet, or that the weight of the limestone had been increased on account of rain while in transit. The action is for the actual loss of fifteen tons from each car.

Error is assigned because the respondent was permitted to introduce in evidence a letter containing alleged self-serving statements, written by the respondent to the appellants after its claim had been declined. This letter, of date April 8, 1937, was addressed to Mr. M. M. Barber, Freight Claim Agent of the Carolina & Northwestern Railway Company, and was in reply to a letter written to the respondent by Mr. Barber. In the course of this letter it was stated that Mr. Peterman, the joint local agent at Chester of the appellants, had made an inspection of the cars of limestone at Chester; that the three cars were short in weight, and that Mr. Peterman had agreed on the amount of the shortage at the time of such inspection. The letter also recited that Mr. Peterman had told respondent that he had informed Mr. Barber that the limestone was scattered all over the Chester Railroad Yard. The statement was likewise reiterated in this letter that the loss occurred from bolt holes and loose plates. The substance of the contents of the letter was stated in detail in each cause of action in the complaint, and the testimony objected to was in response to these allegations, and was not irrelevant. No motion was made by the appellants to strike. The admission of the evi-

dence under these circumstances was within the sound discretion of the trial Judge. We think no error was committed. *Piero v. Southern Express Company,* 103 S. C., 467, 88 S. E., 269.

The appellants also say that where shipments were received by Southern Railway Company, the initial carrier, then delivered to Carolina & Northwestern Railway Company, redelivered to Southern Railway Company at Chester, and consignee paid for the shipments on the basis of weights at Chester, it was error for the trial Judge to charge that the respondent might recover for any loss while the shipments were in the carrier's possession, or for any loss while the shipments were in the carrier's possession, or for any loss that the consignor might have recovered. We see no error in these instructions.

Appellants contend in this connection that the Campbell Limestone Company was the bearer of any loss sustained from the shipment prior to the time the cars were weighed at Chester; that this company is not a party to the action, and this judgment would not be a bar to its claim. We cannot agree with this proposition. Under the bills of lading issued by Southern Railway Company, the respondent, Victor Fertilizer Company, was named as consignee, and as such is presumptively the owner of the goods shipped, and is considered the person *prima facie* entitled to sue for loss or injury, even though the contracts of shipment were made with the consignor. The Campbell Limestone Company, before this action was brought, had been paid in full for the limestone in accordance with its invoices. Therefore this judgment would be a complete bar to any supposed claim it might have. We think the charge as given by the trial Judge was applicable to the issues, was not prejudicial, and had no tendency to confuse the jury.

At the inception of the trial, the appellants on due notice moved for permission to amend their answers so as to set up the defenses as to all causes of action that the shipper,

Campbell Limestone Company, requested open cars for the shipment of the limestone; that it secured such open cars at a lower rate of freight than would have been required for closed cars; and that any loss sustained by the shipper or consignee as a result of having loaded the limestone in open cars and exposing it to the weather, was a matter for adjustment as between the shipper and the consignee, and is not a matter for which the defendants are liable.

The amendments were refused by the trial Judge upon the legal ground that in the absence of a stipulation to that effect in the bills of lading, the proposed amendments would not constitute a defense.

This is not a case where the shipper selected or furnished cars for transportation at its own risk. The cars were owned and furnished by the carrier. Even if Campbell Limestone Company, as consignor, did request open cars for the shipment of the limestone and secured them at a lower freight rate, this would not in any sense have excused the carrier from liability for furnishing defective cars with open holes and loose plates in their bottoms from which the limestone escaped. As already stated, the action was not based upon damage to the limestone by the elements, but was an action for actual loss.

The proposed amendments of the appellants could not constitute a defense, and were properly disallowed.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.