### WILSON v. VANCE, ADM'R'X.

NUNC PRO TUNC ENTRY.—*Office of.*—*Record.*—The office of a *nunc pro tunc* entry is, to cause to be entered of record, at a subsequent term, some action had in a cause, but omitted from the record, at a prior term ; not to enter, now for then, something occurring only at the subsequent term.

NEW TRIAL.—*Cause For.*—*When Filed.*—*Statutory Requirement.*—*Waiver of.*—*Practice.*—If, at the term when a motion for a new trial is made, the court, without objection from the party opposing such motion, grant time until the first-day of the next term, to file written causes for such motion, such party will be deemed to have waived the statutory requirement that such causes must be filed at the time such motion is made, and to have acquiesced in such extension.

SAME.—*Causes Filed too Late.*—Where such extension has been so granted and acquiesced in, the filing of such causes at a day subsequent to the time fixed, to which the opposite party objects, is too late, unless such causes were discovered after the term at which such motion was made.

SAME.—*Statute Construed.*—*Words and Phrases.*—The word "decision," as used in section 354, (2 R. S, 1876, p. 183) refers to the finding of facts in a cause tried by the court.

From the Hendricks Circuit Court.

*J. Buchanan, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler*, for appellant.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham*, for appellee.

WORDEN, C. J.—Action by the appellee, against the appellant. Judgment for plaintiff.

No questions arise here, except such as are involved in a motion for a new trial.

The record shows the following facts :

At the September term, 1873, of the court below, the cause was submitted to the court for trial, the evidence heard, and day given for argument.

Afterwards, at the November term, 1873, viz., on the 13th day of December of that year, and the 24th juridical day of the term, the court found for the plaintiff and assessed her damages. " Thereupon," says the record, " the defendant moves the court for a new trial in this cause, and is given until the first day of the next term of this court to prepare and file his reasons for a new trial." This action of the court does not seem to have been objected or excepted to by the plaintiff below.

Afterwards, on the 5th juridical day of the February term, 1874, the next term after that at which the proceedings last stated were had, the court, on motion, caused an entry to be then made, as of the preceding term, giving the defendant until the 6th juridical day of the then present term to prepare and file his causes for a new trial. To this the plaintiff below excepted.

The *nunc pro tunc* entry thus made does not profess to be an entry of what was really ordered at the previous term, but not then entered. It was an order made at the time it was entered, but ordered to be entered as of the previous term.

The office of a *nunc pro tunc* entry is, to make a record of what was previously done, but not then entered; not to make an order, now for then, but to enter, now for then, an order previously made.

The bill of exceptions states the matter as follows:

" The parties come by counsel, and the court orders a *nunc pro tunc* entry to be made, of this date, changing the entry heretofore entered in this cause on the 13th day of December, 1873, being the 24th juridical day of the November term of said court, so as to allow the defendant until the 6th day of the present term of this court, to file his reasons in support of his motion for a new trial, which entry is in the words and figures following," etc.

On the 6th day of the term the defendant filed his written motion for a new trial, with the causes therefor,

but the plaintiff objected to the filing thereof; his objection, however, was overruled, and he again excepted.

The motion was subsequently overruled, and judgment entered on the finding.

It is not claimed that any of the causes for a new trial were discovered after the term at which the finding was had, and the question arises, whether the causes for a new trial were filed in time.

The statute provides, that " The application for a new trial must be made at the term the verdict or decision is rendered."

" The application must be by motion, upon written cause, filed at the time of making the motion." 2 R. S. 1876, p. 183, secs. 354-355.

The term " decision," as used in the above statute, is clearly used in the sense of finding upon the facts, where the cause is tried by the court. As the motion is to be made at the term at which the verdict or decision is rendered, and as the causes are to be filed at the time of making the motion, it follows that they must be filed at that term. The statute is imperative, and the court can not grant time beyond the term against the consent of the parties. *Krutz* v. *Craig*, 53 Ind. 561.

Doubtless, the parties might agree upon an extension of time, as they may waive any right to which they are by law entitled. And where an order is made for an extension of time, as in this case, until the first day of the next term of the court, without objection, the parties should perhaps be deemed to consent, because they do not object, thereto.

Assuming that the appellee consented, because she did not object, to the giving of time until the first day of the February term, 1874, of the court, the record shows that she did not consent to any further extension. The first day of that term of the court came, and the causes were not filed. The court could not, by an order then made,

entered *nunc pro tunc,* extend the time previously given, over the objection of the appellee.

The causes were filed too late, and no question is before us, arising on the motion for a new trial.

The judgment below is affirmed, with costs.

Petition for a rehearing overruled at the May Term, 1877.