McClurg & Kent, for appellant.

Burk & Farber, for appellee.

---

## THOMAS BURKE v. THE STATE OF INDIANA.

1. *Record on Appeal—Affidavit.*—An affidavit can only be made a part of the record by order of the court, or by a bill of exceptions.

2. *Partnership.*—The mere fact of compensation by sharing in profits does not constitute a partnership.

3. *When Motion for a New Trial may be made in Criminal Cases.*—Such motion is in time if filed before judgment. The rule in civil cases does not apply to a criminal case.

Filed April 2, 1881.

Appeal from Monroe Circuit Court.

Opinion of the court by Mr. Justice Woods.

Indictment, trial and conviction for the sale of intoxicating liquor without license. It is claimed that the court erred in overruling the motion for a new trial.

Among the causes assigned for a new trial is the alleged misconduct of a juror, in having expressed an opinion which disqualified him. The affidavit filed in proof of this cause is not made a part of the record, either by order of the court or by a bill of exceptions, and the insertion of a copy thereof in the transcript by the clerk was unauthorized. This question is therefore not before us.

The court gave six instructions of its own motion, but refused two special instructions asked by the defendant.

There was no error in refusing the first of the instructions so asked: "It is assumed by the State in this case that there was a partnership between Fitzpatrick and Douglass." Whatever view might be taken of the following part of the instruction, the case was not such as to warrant the court in giving the statement just quoted to the jury. There was another theory that the State may just as well and perhaps more truthfully have assumed, on the evidence, and the defendant had no right to restrict the prosecution to a single theory.

The second instruction asked by the defendant and refused was as follows:

"If you find that Douglass was the owner of the stock and responsible for all purchases made, and had authorized Fitzpatrick to act for him in carrying on his business, pay his bills and the necessary expenses incurred in the business, then the mere fact that Fitzpatrick was to receive a compensation for his services, dependent upon the profits, if there was any, in the business, would not constitute Fitzpatrick a partner in the business, but he would be a mere employe or agent of Douglass; but the manner of the payment of Fitzpatrick's compensation, and the terms of it, and all the circumstances in the case, may be, and ought to be, considered by you in determining whether such partnership existed between Douglass and Fitzpatrick."

The significance of the question whether the partnership mentioned existed is in this: Douglass had a license and the appellant defended on the ground that he was the employe of Douglass, and under his license had a right to make the sale of which he was charged. In reply to this it was claimed that the defendant was the employe of Douglass and Fitzpatrick, by whom, as partners, the business was conducted, and the license issued to Douglass was no

license to the firm, and constituted no defense to the employe of the firm.

There was evidence in the case to which the instruction was pertinent, and it is not included in any or all of the instructions which the court gave of its own motion. Upon the facts stated in the instruction there was no partnership, and the defendant had a right to have the jury so informed. *Macy* v. *Combs*, 15 Ind. 469; *Emmons* v. *Newman*, 38 Ind. 372.

The Attorney General makes the point that the motion for a new trial came too late and should not be considered, and cites *Wilson* v. *Vance*, 55 Ind. 394.

The verdict was rendered on the 26th day of November, 1880, and an oral motion made for a new trial at once, but this was not acted on by the court. On the 6th day of December following and at the same term of the court, the " motion and reasons in writing " were filed and overruled, and the defendant having excepted to the ruling, the court gave judgment on the verdict.

In criminal cases the motion is in time if filed before judgment, 2 Rev. Stat. 1876, p. 409, sec. 143. The case cited has reference to the practice in civil cases. See *Jenks* v. *The State*, 39 Ind. 1.

Judgment reversed with instruction to grant a new trial.

East & East, for appellant.

Attorney General, for appellee.