## MICHAEL J. SAMPSON

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1900—Rehearing denied February 8, 1901.*

1. CONTINUANCE—*power of court to set aside an order of continuance.* It is within the power of the court, after entering an order continuing a criminal case at the request of the State's attorney, to set aside the order at a subsequent day of the term.

2. SAME—*when an order to proceed with the hearing of criminal case is not error.* If the accused is present with his counsel in open court when an order is entered vacating an order of continuance for the term, entered the previous day at the request of the State's attorney, and his counsel replies to an inquiry of the court that the accused is ready for trial, it is not error for the court to order the case to proceed to a hearing.

3. FORGERY—*what a sufficient description of forged instrument.* In an indictment for forgery it is sufficient to describe the instrument as it was when it is charged the act of forgery was perpetrated.

4. CHANGE OF VENUE—*party must object to disqualified judge presiding.* If a judge is disqualified, by reason of a change of venue or otherwise, he should not knowingly preside at any of the steps in the case; but it is the duty of the party obtaining the change to object, and request that such judge shall not preside.

HAND and CARTWRIGHT, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

LARAMIE, BECK & DAYTON, for plaintiff in error.

E. C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and WILLIAM M. MCEWEN, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

An indictment charging the plaintiff in error with the crime of forgery was pending for trial in the criminal court of Cook county at the June term, 1900. On June 27, being as yet one of the judicial days of said June term,

on motion of the State's attorney, an order was entered that the cause stand continued for the term. On the next day, the 28th, being yet the June term of the court, the order of continuance was set aside, a jury empaneled and the cause tried. The plaintiff in error was adjudged to be guilty of the crime charged and condemned to be imprisoned in the State penitentiary. He has sued out this writ of error to obtain a reversal of the judgment of conviction.

That the court set aside the order of continuance of the cause and required plaintiff in error to go to trial over, as he alleges, his protest and objection, is assigned as for error. It is insisted the entry of the order that the cause be continued until the next term of the court deprived the court of power and jurisdiction to enter any further order in the cause at that term. The insistence cannot be maintained. The court still retained undoubted jurisdiction and power to vacate the order for a continuance. (4 Ency. of Pl. & Pr. 891.) The order being vacated, the question remained whether the defendant should be required to go to trial. If the order of continuance had in any manner operated unfavorably to the interest of the defendant, and he was not prepared, by reason thereof, to present his cause to the jury, the court should have granted him a continuance. The bill of exceptions set forth, in part, the colloquy between court and counsel, had in the court when the continuance was vacated and the parties ordered to proceed to a hearing; but the trial judge refused to certify that the bill of exceptions contained all that then occurred or all the evidence that was heard on the point. As the bill of exceptions does not disclose the grounds upon which the court acted, the presumption that the court ruled correctly must prevail. (See cases cited in note 2, p. 891, 4 Ency. of Pl. & Pr.) Moreover, it appears from what is preserved in the bill of exceptions that the plaintiff in error, attended by counsel, was present in open court when the court va-

188—38

cated the order of continuance, and that the court inquired of counsel for plaintiff in error if the plaintiff in error was ready for trial, and that counsel replied he was ready for trial and had been all the time. It is manifest the plaintiff in error was not prejudiced by the order that the cause proceed to a hearing, and such order was not error.

The indictment alleged that the plaintiff in error had in his possession a certain check or order for the payment of money, and set forth the same in the words and figures following:

"$2020.                                        No. 2059.

"R. F. CONWAY COMPANY, STREET PAVEMENTS, ⎱
    306 CHAMBER OF COMMERCE BUILDING, ⎰
        CHICAGO, *Sept. 9, 1899.* ⎱

"Pay to the order of John A. May, Sec'y board of local improvement, $2020.80, twenty hundred and twenty 80/100 dollars.

                              R. F. CONWAY COMPANY,
                                L. J. REED, *Treasurer.*

"To the Continental Nat. Bank of Chicago.
                "2—United States—2."

—and charged that he forged and counterfeited the following endorsement thereon, viz.: "Pay to M. Hanley, in full for sewer work.—John A. May, Superintendent of Special Assessment." The State's attorney offered in evidence a check in words and figures as described in the indictment and bearing thereon the alleged forged endorsement, but in addition thereto there was stamped on the face thereof the following: "Accepted Sept. 9, 1899.— Payable through Chicago Clearing House.—Continental Nat'l Bank, By R. H. Howe, Teller," and on the back thereof was endorsed the following: "Pay to the order of Bankers' Nat'l Bank.—Victor Mfg. Co.—Chas. Boese, Sec'y & Treas."

It was objected that there was a material variance between the instrument offered in evidence and that described in the indictment; that the certificate of acceptance stamped upon the face of the instrument offered converted the check into a species of commercial paper

quite different in its legal effect from an uncertified check as set forth in the indictment. The court ruled that if the State's attorney should show, as that official proffered to do, that the certificate had been stamped upon the face of the check after the alleged forged endorsement of assignment had been written thereon, the check was admissible in evidence under the averments of the indictment. It is sufficient in an indictment to describe the instrument as it was when it is charged the act of forgery was perpetrated. 1 Wharton on Crim. Law,— 10th ed.—733; *Perkins case*, 7 Gratt. 651; *Miller* v. *People*, 52 N. Y. 304.

Plaintiff in error, however, insists it appeared from the proofs the certificate of acceptance was stamped upon the face of the check or order before the alleged false and forged endorsement of assignment was placed thereon. The testimony of the plaintiff in error supports this conclusion. It clearly appeared, however, the words "Superintendent of Special Assessment," comprising the official title of said John A. May, on the alleged forged endorsement placed on the check by means of a stamp, was stamped thereon by the plaintiff in error before the certificate of the Continental National Bank was stamped on the face thereof. The remainder of the alleged forged endorsement was shown to be in the handwriting of the plaintiff in error. He admitted such to be the fact, but insisted that it was written there after the certification of the check. No doubt this statement of the plaintiff in error was not credited. It was more probable the entire endorsement was completed at the time the official designation, which was a part thereof, was stamped on the paper.

The indictment charged that the forgery was with intent to prejudice, damage and defraud the Victor Manufacturing Company, a corporation, etc. It was proven the plaintiff in error, having in his possession the check bearing the forged endorsement making it payable to

"M. Hanley," wrote thereon the name of M. Hanley and delivered the same to Charles Boese, as secretary and treasurer of the said Victor Manufacturing Company, and that he received therefor from said Victor Manufacturing Company, through said Boese, its secretary and treasurer, two checks drawn by the said Victor Manufacturing Company on a bank in Chicago, and that plaintiff in error procured those checks to be paid to him. This proof amply supported the allegation in question.

Plaintiff in error applied for and was granted a change of venue from Judge Jonas Hutchinson, one of the several judges of the criminal court of Cook county. The cause was tried before Judge Philip Stein, another of said judges of said criminal court, each of whom had like authority and jurisdiction to preside in said court. It appears from the record that Judge Hutchinson was presiding when the jury before whom the plaintiff in error was tried, after having considered the case, returned their verdict into open court, and that said Judge Hutchinson received the verdict and entered a motion presented in behalf of the plaintiff in error for a new trial, but that no further steps were taken in the cause at that time. Plaintiff in error was in court attended by counsel when the jury returned their verdict and made no objection to the reception of the verdict by said Judge Hutchinson, but, on the contrary, apparently acquiesced therein and requested said judge to enter a motion for a new trial, which motion was entered as requested. The venue of the cause was not changed from the criminal court of Cook county, but the change was as to Judge Hutchinson, one of the several judges of such court. Judge Hutchinson was lawfully presiding as judge of the court when the verdict was returned, being disqualified only as to this case. In such state of case it is the duty of the judge, if he knows he is disqualified, to refuse to allow any step to be taken in the particular case; but as it is possible, and very probable, a judge may not be able to

bear in mind at all times that he has been disqualified to act in a particular case, it is the duty of the party at whose instance the disqualification was effected to object, and request that such judge should not sit. (11 Ency. of Pl. & Pr. 782.)

The judgment of the criminal court of Cook county is affirmed.                                    *Judgment affirmed.*

Hand and Cartwright, JJ., dissenting:   It devolved upon the People to establish that the certificate of acceptance of the Continental National Bank was placed upon said check after the alleged forged endorsement of assignment was written thereon.   No proof of such fact was made.   Said check was therefore improperly admitted in evidence.