KLEIN v. SOUTHERN PAC. CO.

(Circuit Court, D. Oregon. August 23, 1905.)

No. 2,851.

1. NEW TRIAL—TIME FOR HEARING AND DECISION—JURISDICTION AT SUCCEED-
ING TERM.

The mere filing of a motion for a new trial in the Circuit Court in due time at the time at which the judgment is rendered does not, of its own force and without any order or recognition by the court, carry the matter over to the succeeding term, so as to give the court jurisdiction to then hear and dispose of it without the consent of the opposing party.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 315.]

2. ORDERS—NUNC PRO TUNC ENTRY—POWER TO MAKE.

The office of a nunc pro tunc entry is, not to make an order now for then, but to enter now for then an order previously made; and the fact that a judge in chambers expressed a willingness to make a desired order extending the time for filing a motion for new trial, where no such order was actually made or directed in court, does not warrant the entry of such an order nunc pro tunc at a succeeding term.

At Law. On motion for orders staying execution pending motion for new trial.

James Gleason, for plaintiff.
Wm. D. Fenton and R. A. Leiter, for defendant.

GILBERT, Circuit Judge. The defendant presents a motion for an order staying execution until the motion for a new trial shall be disposed of and a bill of exceptions settled and allowed. The plaintiff denies that a motion for a new trial is pending. The question whether such a motion is now before the court is thus presented.

Judgment was rendered on December 27, 1904, at the October term of the court. On January 25, 1905, during the same term, a motion for a new trial was filed. The motion was not presented to the court during that term, and when the court, on April 8th, adjourned for the term, no order was made continuing the motion to the succeeding term. At common law a motion for a new trial expires with the term, unless continued by special order of the court. Kane v. Burrus, 2 Smedes & M. 313. The Legislature of Oregon, recognizing this rule of the common law, has made provision that a motion for a new trial shall be heard and determined during the term, unless continued for advisement or want of time to hear it, and that, when not so heard and determined or continued, it shall be deemed withdrawn and may be disregarded. 1 B. & C. Comp. § 175. The Supreme Court of the United States has held in a series of cases that, if a motion for a new trial in a law case or a petition for rehearing in an equity case is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Kingman v. Western Manufacturing Co., 170 U. S. 675, 18 Sup. Ct. 786, 42 L. Ed. 1192; Aspen Mining & Smelting Co. v. Billings, 150 U. S. 31, 14 Sup. Ct. 4, 37 L. Ed. 986; Texas &

Pacific Railway v. Murphy, 111 U. S. 488, 4 Sup. Ct. 497, 28 L. Ed. 492; Brockett et al. v. Brockett, 2 How. 238–241, 11 L. Ed. 251. The power of the Circuit Courts, therefore, to dispose of a motion for a new trial filed at a prior term of the court, is thus clearly recognized, provided the motion was filed in season and was entertained by the court.

Just what is meant by the term "entertained by the court" is not defined in these decisions. It would seem, however, that the term so industriously repeated must have some significance, and that the court thereby meant to say that something was necessary more than the mere filing of the motion. In City of New Orleans v. Fisher, 91 Fed. 585, 34 C. C. A. 15, cited by the defendant, the motion was taken under advisement, and thus was entertained. In Brockett et al. v. Brockett, supra, the petition for rehearing was referred to a master commissioner, and thereby was entertained by the court. The same is true of Cutting v. Tavares, O. & A. R. Co., 61 Fed. 150, 155, 9 C. C. A. 401, cited by the defendant herein. In Aspen Mining & Smelting Co. v. Billings, the following entry in the docket of the trial court was made on the first day of the term succeeding that on which judgment was entered: "The motion for a rehearing of this cause having heretofore come on to be heard, and having been submitted on briefs," etc. The court, answering the objection that it did not affirmatively appear that the motion or petition was entertained by the court, intimated that, since the application was passed upon as having been duly made, the presumption must be indulged that it was entertained by the court, in the first instance, during the term at which the decree was pronounced. Said the court: "The entertaining of the petition keeps the jurisdiction alive."

Counsel for the defendant cite two decisions of the Circuit Court of Appeals as authority for the proposition that a motion for a new trial seasonably filed at the term at which judgment is rendered, if undisposed of at that term, goes over for disposition at the succeeding term. Walker v. Moser, 117 Fed. 230, 54 C. C. A. 262; In re Worcester County, 102 Fed. 808, 42 C. C. A. 637. In the first of those cases the question before the court was whether the court below had exceeded its jurisdiction in ordering a new trial. The verdict had been rendered at the October term. An order had been made at that term allowing a motion for a new trial to be filed on November 15th, at the November term. At the latter term the judgment was rendered, and the motion for a new trial was heard and disposed of. In view of those facts the court could well say that the fact that the motion was not disposed of at the October term caused it to go over as unfinished business to the November term, for it was not actually filed until the November term, the term at which the judgment was rendered and the motion was disposed of. In the second case, the Circuit Court of Appeals for the First Circuit had before it the question of the validity of a decree rendered in a proceeding in bankruptcy by the District Court upon a petition for a rehearing. The appellate court said:

"Inasmuch as the petition was filed during the June term, and was not stricken out, but was heard and its merits acted on at the September term, it must be accepted that the petition was filed at the June term with the consent of the court, and that the court thus held its control over the proceeding. * * * The District Court therefore had power during the term at which the decree was entered to vacate it and enter a new decree, and retained this power over the case by permitting the filing of the petition for a rehearing, as we have already shown, so that the result is in all respects the same as though all the proceedings had occurred at the June term."

The court, to fortify this position, referred to its prior decision in Andrews v. Thum, 64 Fed. 149, 12 C. C. A. 77, which it thus reviewed:

"A petition, which we held to be in substance a petition for a rehearing, was seasonably filed in an equity cause at the October term of the Circuit Court for the District of Massachusetts. There was nothing in the case to show that the petition was brought to the attention of that court until the succeeding May term, when it heard it on its merits and denied it. We held that the proceeding was effective, and that the time for appeal did not begin to run until the petition was denied."

How far the court may have been influenced in reaching these conclusions by the fact that, when the motions in those cases came on for hearing at terms succeeding those at which they were filed, no objection was made to the power of the court to then entertain them, does not appear. It may be said, however, that if the court intended to assert the general proposition that the mere filing of a motion for a new trial in due time at the term at which the judgment is rendered of its own force, and without any order or recognition by the court, carries the matter over to the succeeding term, so as to give the court jurisdiction, without the consent of the opposing party, then to hear and dispose of it, the proposition is not believed to be sustained by other authority.

But if it be assumed that that position is correct, and that this court at the present term has jurisdiction to dispose of a motion for a new trial seasonably filed at a prior term, the difficulty is presented that the motion in this case was not filed in due time. The record shows that the verdict was rendered December 23, 1904, and that the defendant then obtained an order extending for 20 days its time to file a motion for a new trial. On January 12, 1905, an order was entered allowing the defendant until January 16th following in which to file its motion. The motion was not filed on the last-named date, but was filed on January 25, 1905. To meet this difficulty, the defendant has presented a motion for an order nunc pro tunc, based upon the affidavit of one of its counsel, which shows that on or about January 16th, before the defendant's time to file its motion had expired, said counsel obtained the oral consent of counsel for plaintiff to enlarge the time for filing the motion, and thereafter on the same day went to the chambers of the late District Judge of this district, and informed him that counsel for plaintiff had consented to additional time, and that the defendant would be able to file the motion within 10 days, and that the judge thereupon remarked in substance:

"That is all right. I could not hear the motion now anyway. Take the order."

It may be stated as a general rule that, where a court has omitted to make an order which it might or ought to have made, such order cannot at a subsequent term be made nunc pro tunc. In re Skerrett, 80 Cal. 62, 22 Pac. 85, Chief Justice Beatty, speaking for the court, said:

"Where all the conditions upon which the entry of a judgment or order depends exist, and the making or entry of the order is a mere ministerial duty or matter of course, and the performance of the duty is neglected or delayed, or where an order has actually been made and its entry omitted, we suppose it may be subsequently entered, and, if justice requires, may be made to take effect nunc pro tunc as of the date when it was actually made, or at any time when existing conditions imposed upon the court or its officer the duty of entering it."

In Hegeler v. Henckell, 27 Cal. 492–495, Judge Currey said:

"In this case it was not sought to amend an entry made, but to obtain an order empowering and directing the clerk to enter in the minutes nunc pro tunc an order alleged to have been made in open court. Such an order could not properly be made by the judge at chambers, and we cannot discover from the record that such order was made, either at chambers by the judge or at any time by the court."

In Gibson v. Chouteau's Heirs, 45 Mo. 171, 100 Am. Dec. 366, it was held that, where the clerk of a court fails to enter a judgment rendered, the court may correct the omission at the following term, but that, where the court has omitted to make an order which it might or ought to have made, such order cannot be made at a subsequent term nunc pro tunc, and that, in all cases in which an entry nunc pro tunc is made, the records should show the facts which authorize the entry.

In Wilson v. Vance, Adm'x, 55 Ind. 394, the court said:

"The office of a nunc pro tunc entry is to make a record of what was previously done, but not then entered; not to make an order now for then, but to enter now for then an order previously made."

In Ex parte Buskirk, 72 Fed. 14, 20, 18 C. C. A. 410, 416, the court said:

"The courts can by such orders supply omissions in the record of what was actually done in the cause at a former time when it was under consideration, and by mistake or neglect not entered in the clerk's minutes or the court's records; but where the court has omitted to make an order which it could have made, and in fact intended to make, it cannot subsequently make the same nunc pro tunc, so as to make it binding upon the parties to the suit from the date when it was so intended to have been entered."

The remarks of the District Judge to counsel for the defendant indicated that he was willing to make the desired order, but nothing further was done to obtain an order, and no order was actually made. If the court had in open court answered such an application by saying, "Take your order," there could be no doubt that it would be an order of the court, properly to be entered now for then; but such a remark, made at chambers or on the street, stands on a very different footing, and is not an order of the court. So, too, a written consent of counsel for the plaintiff to an extension of time for filing the motion would have furnished a sufficient record on which to base an order nunc pro tunc, but no such written consent was obtained. In brief, no order was made in open court, and no order

was signed at chambers extending the time to file the motion. At the time when the motion was filed, there was nothing of record to show that the defendant had the right to file it, and there was nothing of record to show that it was entitled to an order permitting it to file it.

The motion for a stay of execution must be denied.