THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN R. WILMOT, Plaintiff in Error.

*Opinion filed June 21, 1912.*

1. CRIMINAL LAW—*an indictment for forging certification of a check need not aver extrinsic facts.* A check regularly certified by a solvent bank is a valid obligation of the bank and is a well known commercial instrument, and if an indictment alleges that the certification was forged it need not allege extrinsic facts showing the possibility of defrauding by means of such instrument.

2. SAME—*indictment need not allege manner in which accused intended to defraud.* An indictment for forging the certification of a check, which alleges an intent by the accused to defraud a certain person, need not allege the manner in which the accused intended to defraud such person, as that is a matter of evidence.

3. SAME—*indictment need not allege the existence of the bank on which check was drawn.* An indictment in the usual form of a forgery indictment, which sets out a copy of the check and of the forged certificate, purporting to be made by a certain person as teller, need not otherwise allege the existence of the bank; nor is it necessary to aver that the person whose name was forged as teller was, in fact, the bank's teller.

4. SAME—*indictment need not aver authority of agent.* An indictment for forging an instrument purporting to have been made by an agent in the name of his principal need not aver the authority of the agent.

5. SAME—*one judgment may be entered on a plea of guilty to both counts of indictment.* The entry of one judgment on a plea of guilty to both counts of an indictment for forging the certification of a check is proper, and as the court has no discretion as to the extent of punishment there is no occasion for hearing evidence.

6. SAME—*what cannot be considered in proceeding to review judgment of conviction.* Upon a writ of error to review a judgment on a plea of guilty the alleged failure of the board of pardons to parole the plaintiff in error or to act upon his application for parole cannot be considered.

7. PRACTICE—*object of entering an order nunc pro tunc.* The object of entering an order *nunc pro tunc* is to make the record speak the truth and to make a present record of an order which the court has made at a previous time but which has not been entered of record; but an order not previously made cannot be entered as a *nunc pro tunc* order.

8. SAME—*after term has passed, the court cannot set aside sentence.* After the term has passed at which a judgment on a plea of guilty to an indictment was entered and the sentence was pronounced the court cannot set aside the judgment and sentence.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

E. M. SEYMOUR, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAYMAN, State's Attorney, and JOEL C. FITCH, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error was convicted on his plea of guilty, at the August term, 1907, of the criminal court of Cook county, of forgery and was sentenced to imprisonment for an indefinite term. At the December term, 1911, he moved the court to enter an order *nunc pro tunc* as of the August term, 1907, setting aside and vacating this sentence, which motion was denied. It is urged that the indictment is not sufficient to sustain the conviction and that the motion for a *nunc pro tunc* order should have been sustained.

The indictment in two counts charged that the plaintiff in error, having in his possession a check for $5000, drawn by himself on the Night and Day Bank in New York, payable to Shank & Co. or order, forged thereon, with intent to defraud George H. Shank, the following certificate: "Certified.—W. W. Raymond, Teller, May 20, 1907, The Night and Day Bank, New York," and that with the same intent he passed such certificate as true and genuine. The objections made to the indictment are, that without the existence of extrinsic facts (which are not averred) the possibility of defrauding by means of the forged instrument

does not appear; that the check, being payable to Shank & Co. and not endorsed by the payee, could not have the effect to defraud George H. Shank, and that it is not averred either that there is such a bank as the Night and Day Bank of New York or that W. W. Raymond is its teller.

A certified check is a well known commercial instrument. If the check involved here had been really certified by a solvent bank it would have been a valid obligation of the bank. The certification being forged, the capacity of the check bearing it to be used for the purpose of deceiving and defrauding any person to whom it might be uttered as a genuine certified check is apparent without the allegation of any extrinsic fact. It was not necessary to allege the particular manner in which the defendant intended to defraud the person whom it was alleged he did intend to defraud. It was sufficient to allege the intent to defraud and to show an instrument of such a character as might be used for that purpose. The manner in which the person intended to be defrauded was to be connected with the transaction and the fraudulent purpose accomplished was a matter of evidence. (*Sampson* v. *People*, 188 Ill. 592; *West* v. *State*, 2 Zabr. 235; *Snell* v. *People*, 2 Humph. 347; *People* v. *Todd*, 77 Cal. 464; *Brazil* v. *State*, 117 Ga. 32; *Smith* v. *State*, 20 Neb. 288; *Commonwealth* v. *Costello*, 120 Mass. 358; *State* v. *Vincent*, 91 Mo. 662; *Santocini* v. *State*, 6 Wyo. 110.) Whether the defendant expected to procure or forge the endorsement of Shank & Co., whether George H. Shank was authorized to endorse the check, or whether other means were to be used to induce George H. Shank to part with his money for the check, were questions to be determined by the evidence introduced to prove the intent alleged.

It was not necessary to allege the existence of the Night and Day Bank. Both counts are in the usual form of an indictment for forgery and each sets out a copy of the check and of the forged certificate. The name of the bank

appears in the copy of the check, and this is a sufficient designation and description of it and allegation of its existence. (Bishop on Directions and Forms, 465, note; 2 Bishop's New Crim. Proc. secs. 454, 455; *Commonwealth* v. *Carey,* 2 Pick. 47.) Neither was it necessary to aver that W. W. Raymond was its teller. In an indictment for forging an instrument purporting to have been made by an agent in the name of his principal it is not necessary to aver the authority of the agent. *Cross* v. *People,* 47 Ill. 152; *Neall* v. *United States,* 118 Fed. Rep. 699.

Several objections to the proceedings are suggested which either are not presented by the record or are not tenable. The entry of one judgment on a plea of guilty to both counts was proper. (*People* v. *Dougherty,* 246 Ill. 458.) Paragraph 424 of the Criminal Code authorizes the court to enter judgment on a plea of guilty. The argument as to the weight to be given to confessions as evidence has no application in this case. The court had no discretion as to the extent of the punishment and there was therefore no occasion for evidence. The record shows that the court explained to the defendant the consequences of his plea. The validity of the indeterminate sentence under the Parole law has been settled by the decision of the case of *People* v. *Joyce,* 246 Ill. 124, and subsequent cases which have followed it. The failure of the board of pardons to parole the plaintiff in error or to act upon his application for parole cannot be considered in this case, which is only for the review of the judgment and record of the criminal court.

The motion for the entry of an order *nunc pro tunc* setting aside the judgment was properly overruled. The object of entering an order *nunc pro tunc* is to make the record speak the truth. Its purpose is to make a record now of an order which the court had made at a previous time but which had not then been recorded. The court has no authority, by the entry of an order *nunc pro tunc,* to

make the record show an order which the court had not previously actually made, or, after final judgment and the expiration of the term, to make a new order which it may appear the court might or should have made but did not. (*Stein* v. *Meyers,* 253 Ill. 199.) Without regard to any condition of facts which might be mentioned in the affidavits by which the motion for an order *nunc pro tunc* was supported, the court was bound to deny it for lack of power to grant it.

The counsel for the plaintiff in error insists that the motion was in the nature of a writ of *audita querela* and ought to have been so considered by the court. This writ had become almost obsolete before the time of Blackstone, and so far as we know has never been used in this State. *Audita querela* was a civil proceeding whereby a judgment defendant might be relieved upon matter of discharge arising since the judgment, as, payment or a release. It was in the nature of a bill in equity for the purpose of relieving the judgment debtor against the oppression of the plaintiff as to matter which the defendant had no opportunity to plead before judgment. (3 Blackstone's Com. 405.) It was an independent suit and it did not lie against the king. (3 Vin. Abr. 345; *Commonwealth* v. *Berger,* 8 Phila. 237.) It could not lie against the State, which cannot be made a defendant. While the counsel for plaintiff in error does not claim that his motion was a writ of *audita querela,* he insists it was a substitute for the writ and should have been treated as such a writ. It was, however, a motion, and whatever its nature, the object sought was the setting aside by the court, on motion, of a judgment rendered at a term which had elapsed. The affidavits presented in support of the motion relate to the guilt or innocence of the defendant; to his ignorance of the law and of the consequences of his plea; to representations alleged to have been made to him as to the length of time he could be imprisoned and promises as to recommendation to the board of pardons,

and to the delay and refusal of the board of pardons to parole him or to hear his application for that purpose. In this proceeding we review only the record. As has been seen, no objection has been shown to the regularity of the conviction as shown by the record. The court had no power, upon motion, to set aside or change its judgment after the term.

*Judgment affirmed.*