## R. V. SUTTON v. STATE.

No. A-7948.   Opinion Filed May 29, 1931.
(299 Pac. 928.)

Waldrep, Winterringer & Akin, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquors with the unlawful intent to sell, barter, and give away the same in violation of the statutes, and was sentenced to pay a fine of $100 and be confined in the county jail for 30 days, from which judgment the defendant has appealed.

The Attorney General has filed a motion to dismiss the appeal, for the reason that the same was not lodged in this court within the time allowed by statute for docketing the appeal in misdemeanor cases, nor was it filed within an extension of time for docketing said appeal properly made by the trial court.

Section 2808, C. O. S. 1921, provides as follows:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

An examination of the record shows that the judgment and sentence in this case was rendered on the 26th day of April, 1930; and on said date the defendant was allowed 30 days to make and serve a case-made; notice of appeal was served on the county attorney and court clerk on the 13th day of May, 1930; on the 25th day of May, 1930, the case-made was served on the county attorney, and on the 2d day of June, 1930, the case-made was settled and signed by the judge of the county court and attested by the court clerk, and filed in the office of the court clerk.

It appears that thereafter, on the 24th day of June, 1930, the trial judge attempted to make an order granting 30 days' additional time to file the said case-made in the Criminal Court of Appeals; that later, on the 23d day of July, 1930, the said county judge attempted to make an order extending the time for 15 days from the 27th day of July, 1930, in which to file the petition in error and case-made in the Criminal Court of Appeals.

The record discloses that the orders made by the trial judge on the 24th day of June, and on the 23d day of July, 1930, attempting to grant additional time to file case-made in the Criminal Court of Appeals, were made several days after the case-made had been settled and signed by the trial court and attested by the court clerk and filed in the office of the court clerk. The petition in error and case-made were filed in this court August 8, 1930, more than 60 days after the case-made had been settled and signed by the trial judge, and attested by the clerk and filed in the clerk's office, and after the expiration of the time fixed by the court in the order entered prior to the settling and signing of the case-made by the trial judge.

The Attorney General insists that the trial judge was without jurisdiction to enter any order in the case after he had settled and signed the case-made and it had been attested by the court clerk and filed in the court clerk's office. No response has been filed for the plaintiff in error on the motion of the defendant to dismiss. Our procedure in regard to appeals was taken from the statutes of Kansas, and the decisions of the Supreme Court of the state of Kansas upon the question involved in this case rendered prior to the adoption of the statutes by the territory of Oklahoma should control in this case.

In Graham v. Shaw, 38 Kan. 734, 17 Pac. 332, the Supreme Court of Kansas held:

"Neither the judge of the district court nor the Supreme Court can amend or add to a case-made for the Supreme Court after it has been settled, signed, and attested."

In the body of the opinion the court said:

"When the judge of the district court 'has certified the case-made, it passes beyond his control, and cannot

thereafter be amended, altered, or changed by any order of his.' "

The ruling in Graham v. Shaw, supra, was reaffirmed by the Supreme Court of Kansas, in the following cases: Lewis v. Linscott, 37 Kan. 379, 15 Pac. 158; Chicago Lumber Co. v. Tomlinson et al., 54 Kan. 770, 39 Pac. 694; Webber v. Genoways, 9 Kan. App. 670, 58 Pac. 1036.

In Grand Lodge of Ancient Order of United Workmen v. Furman, 6 Okla. 649, 52 Pac. 932, the Supreme Court of the Territory of Oklahoma, in the first paragraph of the syllabus, said:

"Neither this court, nor the trial court or judge, has the power to amend a case-made, after it has been settled and signed by said judge, and attested by the clerk of his court."

The trial court, after he had settled and signed the case-made and same had been attested by the court clerk, was without jurisdiction to enter any orders with reference to the appeal or to add to the case-made. If the party appealing may after the case-made is settled and signed go before the trial court and procure additional orders for filing the appeal in the appellate court, and secure additional orders, apparently there would be no end to the case. The jurisdiction of the trial court over the case-made must cease at some time, and we hold that it ceases when a case-made is settled and signed by the trial court and attested by the clerk and filed in the court clerk's office. The orders of the trial court made on June 24 and July 23, 1930, attempting to grant additional time to file the case-made, were without jurisdiction and void.

The petition in error and case-made was not filed in this court within the time allowed by the statute for appeals; therefore the motion of the Attorney General to dismiss is sustained.

CHAPPELL and EDWARDS, JJ., concur.