## D. A. BOXLEY v. STATE.

No. A.-8680.   May 4, 1934.
(32 Pac. [2d] 746.)

John A. Remy, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and J. H. Lawson, for the State.

CHAPPELL, J.   Plaintiff in error was convicted in the county court of Logan county of the unlawful possession of intoxicating liquor, and his punishment fixed at a, fine of $50 and imprisonment in the county jail for a period of 30 days.

It appears from the record that on the 28th day of October, 1933, the court entered judgment and sentenced defendant in conformity with the verdict of the jury, and on the same day granted defendant 60 days to make and serve case-made, ten days allowed to suggest amendments; the case-made to be settled and signed on five days' notice.

On December 18, 1933, the case-made was settled and signed by the county judge, and on the same day was attested by the court clerk and duly filed in his office.

It further appears from the record that on the 20th day of December, 1933, two days after the case-made had been settled, signed, and filed by the court clerk, the court attempted to make an order giving 60 days from the 18th day of December, 1933, to file the case in this court.   No extension of time to file the appeal in this court had been

granted prior to the settling, signing, and filing of the same, and the 60 days provided by law for the filing of the appeal had elapsed.

Section 3192, Oklahoma Statutes 1931, provides:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

When the judge of the trial court has settled and signed the case-made and it has been attested by the court clerk and filed in the clerk's office, it passes beyond his control, and thereafter cannot be amended, altered or changed by any order of his. Grand Lodge A. O. U. W. v. Furman, 6 Okla. 649, 52 Pac. 932; Sutton v. State, 51 Okla. Cr. 95, 299 Pac. 928.

The attempt of the county judge to extend the time in which appeal might be filed in this court after the case-made had been settled, signed, and filed with the court clerk being a nullity, and the statutory time in which to file the appeal having expired, this court obtained no jurisdiction.

The appeal is therefore dismissed.

EDWARDS, P. J., and DAVENPORT, J., concur.