## In re PETER'S ESTATE.

No. 23728. Sept. 10, 1935.

Rehearing Denied Nov. 26, 1935.

Geo. E. Rider and Earl A. Brown, for plaintiffs in error.

James W. Rogers and Anglin & Stevenson, for defendants in error.

PER CURIAM. This is an appeal from a judgment rendered on the 18th day of May, 1931, by the district court of Marshall county on appeal from the county court of Marshall county from an order nunc pro tunc entered by the county court of that county on July 5, 1929. Stephen Peter, a Choctaw Indian, died intestate in Marshall county on or about the 17th day of April, 1918, and on the 6th day of May, 1918, C. C. Chestnut was appointed administrator of this estate. An inventory of the estate was filed by the administrator and various orders and accounts had, and on the 6th day of March, 1924, a final account was filed and notice of settlement of the account was given by posting and publication as required by law, and the notice provided that the petition for distribution and discharge would be heard on the 3rd day of July, 1924. It seems that nothing further was filed in said cause and no further record was made of anything else until the 4th day of April, 1927, when one Lela Peoples, formerly the widow of Stephen Peter, deceased, filed a petition in the county court of Marshall county, alleging that no distribution of the estate of Stephen Peter had been made by said administrator, and that said C. C. Chestnut had departed this life, and asking for the appointment of Ollie L. Beard as administrator of the estate of Stephen Peter, deceased. Beard was later appointed as administrator by the county court of Marshall county without any notice to the personal representative of C. C. Chestnut or his bondsmen. Thereafter the said Beard had an order entered requiring Mrs. Lula M. Chestnut, executrix of the estate of C. C. Chestnut, deceased, to file a report of the acts and doings of the said C. C. Chestnut as such administrator; then Mrs. Chestnut filed her petition for an order nunc pro tunc wherein she alleged that a final report was filed by the said C. C. Chestnut during his lifetime in this case, and that the same was duly approved, and that the estate was distributed, and that said hearing on said final report was set for July 3, 1924, and that on that date a hearing was had, after due notice to all concerned. On the 5th of July, 1929, some five years and two days after the original order setting the report for final hearing, a final order was made in this case which was entitled order nunc

pro tunc. Thereafter, in due course of time, an appeal from said order was perfected, and on the 18th of May, 1931, a journal entry of judgment was entered in the district court of Marshall county reversing the action of the county court in entering his nunc pro tunc order, and from that order of the district court on May 18, 1931, this appeal was lodged in this court.

We agree with counsel for plaintiffs in error that there are only two questions in this case, and we will dispose of them in the order in which they are argued in the brief of the plaintiffs in error.

1. Was the notice of appeal from the county court to the district court of Marshall county sufficient to enable the district court to acquire jurisdiction over the cause?

We think the notice of appeal was sufficient. We have read very carefully every case cited by learned counsel in their briefs, and all of the cases which deal with appeals from the county court to the district court raised either the question as to the appeal being perfected in time, or failure to file a bond, or the notice was not filed in time, and some of them, for instance in the case of Sutter v. Sockey, 97 Okla. 107, 223 P. 161, no notice at all was given and the bond was not filed until 26 days after the judgment was entered. In the remaining cases some 10 or 15 deal with appeals from the district court to the Supreme Court, and there is no similarity in those appeals. The method of appeal from county court to district courts is governed by section 1401, O. S. 1931, which provides:

"First. By filing a written notice thereof with the judge of the county court, stating the judgment, decree, or order appealed from, or some specific part thereof, and whether the appeal is on a question of law, or of fact, or of both, and. if of law alone, the particular grounds upon which the party intends to rely on his appeal; and,

"Second. By executing and filing within the time limited in the preceding section, such bond as is required in the following sections. It shall not be necessary to notify or summon the appellee or respondent to appear in the district court, but such respondent shall be taken and held to have notice of such appeal in the same manner as he had notice of the pendency of the proceedings in the county court."

There is no question raised in this case excepting as to the sufficiency of the notice. The notice and bond was filed on July 9, 1929, and the decree was rendered on July 5. 1929. The case of Aaron v. Farrow, 113 Okla. 27, 238 P. 202, has practically the same kind of notice of appeal that was given in this case. All that is necessary is to follow the statute and the notices in the instant case and the Farrow Case are practically the same. While it is true, in the Aaron v. Farrow Case, supra, the question was as to what was meant by "filed," still, the notice was quoted in the opinion and apparently with approval. In the latter part of his opinion it was said:

"When the plaintiff in error caused to be delivered to the court clerk of Bryan county a proper notice of appeal within the time provided by law and the same was accepted by him and filed in the case, all provisions of statutes providing for notice of appeal had been complied with."

2. The next question is, the appeal having been perfected and the court having jurisdiction to try this case, did the district court err in holding that the nunc pro tunc order entered by the county court of Marshall county on July 5, 1929, was not regularly and properly entered.

It seems to us that counsel on both sides have gone to great lengths to cite the law to sustain the proposition that courts of record have authority to enter an order nunc pro tunc. There is not any question but what they have that right, but counsel for the plaintiffs in error seem to think this is a law question, and they overlook the fact that there is a difference between entering an order which should have been entered, but was not, and upon which no hearing was had, and a case where a hearing was had, testimony was taken, and the order actually made, but no record of the same was made. Counsel understands, of course, that all the district judge is doing on appeal from the county court is conducting a trial de novo and the only thing for the district judge to decide in this case, as we see it, is whether or not on the 3rd day of July, 1924, the final report of C. C. Chestnut and his petition for determination of heirship and for distribution actually came on for hearing, testimony adduced and an order made thereon. That is a question of fact. Now, the county judge, of course, on the 5th day of July, 1929, made a finding that that is what happened; that the report came on as advertised and set for hearing; that he heard the testimony of the various witnesses; that he decreed heirship and distributed the estate. The district judge, sitting at a trial de novo, heard the testimony, and he held that the county judge did not do that very thing. He, in effect, held that there was no hearing had on the 3rd day

of July, 1924; that the final account of C. C. Chestnut was not approved at the time and place it was set for hearing, and that no decree of heirship and distribution was ordered made, and the only question for us to pass upon is whether or not the district judge erred in that ruling. In other words, the district judge had the witnesses before him; he had an opportunity to observe their demeanor on the stand; he had an opportunity to question them as to their knowledge and lack of knowledge; the information and source of information about which they testified; and after hearing all the evidence he was convinced, evidenced by his journal entry, that on the 3rd day of July, 1924, no hearing had ever taken place. Therefore, the nunc pro tunc order entered by the county judge on the 5th day of July, 1929, was erroneously entered because a nunc pro tunc order can never be properly entered where there was no hearing nor determination of any kind at the time and the place specified. A nunc pro tunc order means that you enter the order now which was actually made and should have been entered on the hearing at the time. The case of Klein v. Southern Pacific Co., 140 Fed. 213, has this to say in the syllabus:

"The office of a nunc pro tunc entry is, not to make an order now for then, but to enter now for then an order previously made; and the fact that a judge in chambers expressed a willingness to make a desired order extending the time for filing a motion for new trial, where no such order was actually made or directed in court, does not warrant the entry of such an order nunc pro tunc at a succeeding term"

—citing Wilson v. Vance, Adm'x, 55 Ind. 394, in which the Supreme Court of Indiana said:

"The office of a nunc pro tunc entry is to make a record of what was previously done, but not then entered; not to make an order now for then, but to enter now for then an order previously made."

That is our conception of what a nunc pro tunc order really is. The case of Perkins et al. v. Haywood et al., 132 Ind. 95, 31 N. E. 670, defines a nunc pro tunc order as follows:

"A nunc pro tunc entry in practice is an entry made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake. 12 Amer. & Eng. Enc. Law, p. 84 et seq., and authorities cited."

In the case of People v. Wilmot, 254 Ill. 554, 98 N. E. 973, the court, with reference to the entry of a nunc pro tunc order, says:

"The motion for the entry of an order nunc pro tunc setting aside the judgment was properly overruled. The object of entering an order nunc pro tunc is to make the record speak the truth. Its purpose is to make a record now of an order which the court had made at a previous time, but which had not then been recorded. The court had no authority, by the entry of an order nunc pro tunc, to make the record show an order which the court had not previously actually made, or, after final judgment and the expiration of the term, to make a new order which it may appear the court might or should have made, but did not."

In re Skerrett's Estate, 80 Cal. 62, 22 P. 85. This is one of the earlier cases and seems to have been cited a number of times and involved the question of an appeal from an order of distribution in an estate. The California Code of Civil Procedure provides that the trial court may in its discretion dispense with or limit the security on appeal when the appellant is an executor, administrator, trustee or other person acting in another's rights. Several persons claiming to be the heirs of the decedent joined in appealing from an order distributing a portion of the estate to a legatee, and now move to dismiss the appeal upon the ground that no undertaking was filed in time to render the appeal effectual. The notice of appeal was served January 30, 1889, and filed January 31, 1889, and the undertaking was not filed until February 5th, which was one day too late to save the appeal. But one of the appellants is the executor of a deceased heir and appeals in that capacity and claims his appeal is saved under the operation of the section of the statute above referred to, to wit: That a trial court may in its discretion waive the giving of an appeal bond where a person appeals in his character as an executor. The court was furnished with a copy of an order of the superior court dispensing with the undertaking dated and filed June, 1889, four months after the bond should have been filed, but at the end of the order there was a direction that it be entered nunc pro tunc as of the date of February 1, 1889, but the order contained no recital that such an order was actually made at that date or any date previous to June 4, 1889. The court said:

" * * * We think it clear that, in order to save the appeal in cases covered by section 946, the order dispensing with security must be made within the time allowed for filing the bond. After the appeal has lapsed, it cannot be restored by an order subsequently made; and a direction that such

order be entered nunc pro tunc as of an earlier date is unavailing. Where all the conditions upon which the entry of a judgment or order depends exist, and the making or entry of the order is a mere ministerial duty or matter of course, and the performance of the duty is neglected or delayed, or where an order has actually been made and its entry omitted, we suppose it may be subsequently entered, and, if justice requires, may be made to take effect nunc pro tunc, as of the date when it was actually made, or at any time when existing conditions imposed upon the court or its officer the duty of entering it. But here the making of the order in question rested entirely in the discretion of the superior judge, and was never a matter of course. Therefore, it could never have an existence until his discretion was exercised. And if it was actually made prior to February 5th, and its entry omitted, the fact that it was so made at the proper time should be shown by the record of the superior court. We cannot try the question on affidavits filed here. Moreover, the affidavits filed by appellant do not satisfactorily prove this essential fact, even if they could be considered. They do not show that the superior judge signed an order out of court, or directed the entry of an order in court. The affidavit of appellant's counsel shows that he discussed with the judge of the superior court the question of dispensing with the bond, and that he approved it, and that his clerk obtained a further order from said judge dispensing with the filing of said bond. We infer from this that appellant regards the verbal approval by the judge of a suggestion made in the course of a conversation out of court as an order, and that the 'further order' obtained by the clerk was like its antecedent. We think the motion to dismiss must be granted, and is so ordered."

In the case at bar the only question for the district court to decide was whether on the 3rd day of July, 1924, a hearing was had on this report and an order made. That is a pure and simple question of fact to be decided by the trial court, and where there is evidence to sustain that finding, it will not be disturbed on appeal. This court is not the trier of facts, and we have no right to say, where there is ample evidence to support the judgment as in this case, that the trial judge committed error. The trial court in way of evidence may have taken into consideration a great many things which do not appear in its findings. For instance, he is not bound to decide the case upon the greater number of witnesses. In other words, one witness called by the plaintiff may testify in such a manner as to convince the trial court that the very thing that he is testifying about could not and did not happen and his evidence may establish the contention of the opposing side. The court also may have been impressed, as is this court, with appellee's exhibit No. 3, dated May 9, 1925, almost a year after this final distribution was supposed to have been made, if the nunc pro tunc order is good, wherein Claude Chestnut, the son of C. C. Chestnut, secured an order from Jess Peters to C. C. Chestnut, the administrator, reciting that Jess Peters had sold to Claude Chestnut all moneys and funds in the hands of the administrator belonging to Jess Peters and authorizing the administrator to pay such funds to Claude Chestnut.

Again, the court may be influenced in this case by some record fact. For instance, the Oklahoma Statutes 1931, section 1349, provide with reference to the proving of the notice as follows:

"The account must not be allowed by the court until it is first proved that notice has been given as required by this article, and the decree must show that such proof was made to the satisfaction of the court, and is conclusive evidence of the fact."

The record in this case shows that the proof of publication of the final account was not filed in the county court until the 31st day of October, 1924, and the affidavit of posting was filed on June 17, 1924. As far as the record shows, the affidavit of posting was not signed by any one, although it purports to have been sworn to before the court clerk on that day. This section of the statute last above quoted has been passed upon by this court in the case of Miller v. Shelton, 115 Okla. 35, 241 P. 132, wherein the court held that where the order settling an account of a guardian shows on its face that no notice was given of the hearing, said order is void, as the statute requires notice to be given of the final settlement of the guardian and administrator's acts.

When the county court made its order nunc pro tunc he did not even find in that order that there was proof of publication made before the hearing on July 3, 1924, or at that time, but only says that the notice by publication and posting was accordingly made, and then recites proof of due posting, but nowhere does he recite proof of the publication, and section 1345, Okla. Stats. 1931, provides that notice must be given for not less than 20 days after filing of the final account, and section 1349, Okla. Stats. 1931, provides that proof of that notice having been given must be first made. Those physical facts might have influenced the court in its decision.

This court, in the case of Jent et al. v. Jent, 145 Okla. 74, 291 P. 529, holds that orders approving executors' final report and decreeing distribution six days after executor's appointment, without showing as to notice or appearances, are void on their face, and cites authorities. There are many other circumstances and facts in the record which amply sustain the finding of the trial court. There are several orders entered in this case and the record is very confusing on some of them, and some of them go to great lengths as to making of findings of fact and conclusions of law, distributing the estate and determining heirship. In our opinion, none of these have any place in this record. The sole and only question before the district court was whether or not this nunc pro tunc order was properly entered, and since the court found that it was not properly entered and that the final report of C. C. Chestnut had never been approved, that distribution had never been ordered, then the proper thing for the district court to have done, and which the court is doing now, is to affirm the district court wherein it reversed the county court of Marshall county in entering its nunc pro tunc order of July 5, 1929, to be effective as of July 3, 1924, and to order the county court of Marshall county, Okla., to proceed with the administration of that estate in a manner consistent with this opinion.

The Supreme Court acknowledges the aid of Attorneys R. M. Mountcastle, Bower Broaddus, and Ferd P. Snider in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mountcastle, and approved by Mr. Broaddus and Mr. Snider, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.