**E. S. SEABOLT, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

No. A–12852.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1960.

Rehearing Denied Dec. 28, 1960.

Daniel Bassett, Bartlesville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

The plaintiff in error, hereinafter called defendant, was convicted in the county court with the misdemeanor of unlawful manufacture of intoxicating liquor. Judgment and sentence was pronounced by the County Court of Washington County on August 28, 1959. The 60 days allowed by statute for filing the appeal in this Court expired on October 27, 1959. On October 26, 1959, an order was granted extending time to serve case-made; on November 25, 1959, another order was granted extending time for making, serving, settling, and signing case-made.

In neither of the orders is there an extension of the time in which to file the appeal in this Court. It was not filed here until December 22, 1959.

In misdemeanor cases the appeal must be taken within 60 days from the date judgment is rendered unless the Court or judge, for good cause shown, extend the time in which such appeal may be taken, such extension not to exceed 60 days. Title 22 O.S. 1951 § 1054.

Under numerous holdings of this Court, following the statute cited, it is settled that, unless the appeal in a misdemeanor case be taken within 60 days or within an extension of time made by the court not to exceed 60 days additional, the appeal will be dismissed. See Erwin v. State, 43 Okl.Cr. 249, 278 P. 397; Miller v. State, 41 Okl.Cr. 367, 273 P. 374.

The appeal is dismissed.

POWELL, P. J., and BRETT, J., concur.

On Petition for Rehearing

PER CURIAM.

The appeal in the case at bar was lodged in this court December 23, 1959. The appeal was dismissed for failure of defendant to lodge his appeal within the statutory time. The record reflected that judgment and sentence had been pronounced against defendant on August 28, 1959. The 60 days allowed by statute expired on October 27, 1959. On October 26 and November 25,

defendant was granted an order extending time for making, serving, settling and signing casemade for appeal. However, no extension of time was granted in which to lodge appeal in this court. Therefore, this court was without jurisdiction to review said cause.

Defendant filed his petition for rehearing contending that the court had overlooked the fact that on May 28, 1960, defendant had filed a motion for leave to correct the casemade and show that the lower court had corrected the record to show the necessary orders extending the time for lodging the appeal.

The records show that defense counsel on May 21, 1960 filed a response to the attorney general's motion to dismiss. Said motion states as follows:

"* * * that said orders have inadvertently been omitted from the casemade filed herein and plaintiff in error begs leave of this court to make showing of said orders, by certified copies thereof, or in any other manner as this court may deem desirable."

On May 31, defendant filed in this court a motion for leave to correct casemade by showing that the trial court actually granted an order extending time in which to lodge appeal but through inadvertence and mistake of the scriveners in reducing said order to writing failed to clearly express that which was intended and that said orders were vague and inexact, and prayed leave to file before this court an order nunc pro tunc correcting, amplifying and clarifying said orders.

On June 1, 1960, this court granted defendant an order to correct casemade, no doubt thinking defense counsel would file certified copies of omitted orders as prayed in defendant's response.

On June 3, 1960 the court granted an order directing the clerk of this court to attach the order nunc pro tunc to the original casemade.

The record further shows that on May 27, 1960 the county judge who tried the case granted the following order:

"The above matter coming on to be heard before this Court on the 27th day of May, 1960, upon the application of the defendant herein, for an order nunc pro tunc herein, correcting, amplifying and clarifying the orders extending time hereinbefore granted under date of October 26, 1959, and November 25, 1959, and this Court, having heard the evidence and being satisfied that by a clerical error and mistake, the scrivener caused it to be recited that said orders granting additional time were granted to defendant 'to make, serve, settle and sign case-made for appeal,' instead of reciting, as it more correctly should have recited, that said orders were granted to defendant that he might 'make, serve, settle and sign case-made and to lodge appeal in and before the Court of Criminal Appeals of the State of Oklahoma'.

"It appears to the Court that the proceedings are regular and that such error and mistake should be corrected, amplified and clarified by order of this Court.

"It is therefore ordered, adjudged and decreed that the orders extending time issued by the Court in this cause, dated respectively on October 26, 1959 and November 25, 1959, be corrected as of each of said dates respectively to show that the additional time therein granted was granted to the defendant, E. S. Seabolt, that he might 'make, serve, settle and sign case-made and lodge appeal of said cause in and before the Court of Criminal Appeals of the State of Oklahoma.' "

The record does not reveal any notice of the hearing was served upon the county attorney of said county. Attached to the motion to correct casemade was a certificate stating the motion was mailed to the attorney general by placing it in the U. S. mail at the post office at Bartlesville, Oklahoma, on the 27th day of May, 1960. It is to be noted that the order nunc pro tunc was filed in the county court of Washington County on May 27, 1960. This could not possibly be considered a proper notice. However, even had proper notice been given this court does not believe that nunc pro tunc is applicable as a cure for such errors.

A nunc pro tunc entry is one made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court but to supply an omission (on the record of an action) really had, but omitted through inadvertence or mistake. See Stevens Expert Cleaners & Dyers, Inc. v. Stevens, Okl., 267 P.2d 998, 1001. A thorough discussion of the office of nunc pro tunc may be found in the case of In re Peter's Estate, 175 Okl. 90, 51 P.2d 272, 274, 275.

It was said in the case of Klein v. Southern Pac. Co., C.C., 140 F. 213:

"The office of a nunc pro tunc entry, is not to make an order now for then, but to enter now for then an order previously made: and the fact that a judge in its chambers expressed a willingness to make a desired order extending the time for filing a motion for new trial. Where no such order was actually made or directed in court, does not warrant the entry of such an order nunc pro tunc at a succeeding term." Wilson v. Vance, 55 Ind. 394.

Likewise in the instant case no order was made extending the time in which to lodge appeal. The court has no authority by the entry of an order nunc pro tunc to make the record show an order which the court had not previously actually made or to make a new order which it may appear the court might or should have made but did not. See People v. Wilmot, 254 Ill. 554, 98 N.E. 973.

In addition to the reason above stated this court has consistently held that after the casemade has been settled, signed, attested and filed, it passes beyond trial court's control; and orders granting additional time to file casemade in reviewing court is void, where court had previously

settled and signed casemade and it had been attested and filed. See Heath v. State, 56 Okl.Cr. 25, 32 P.2d 955; Sutton v. State, 51 Okl.Cr. 95, 299 P. 928, 929. In the Sutton case, supra, the rule is stated:

"'* * * neither this court, nor the trial court or judge, has the power to amend a case-made, after it has been settled and signed by said judge, and attested by the clerk of his court.'"

Also see Grand Lodge A. O. U. W. v. Furman, 6 Okl. 649, 52 P. 932.

For the above stated reason the petition for rehearing is denied.